Opinion by
 

 Rhodes, P. J.,
 

 This is an appeal by the Pennsylvania Liquor Control Board from an order of the Court of Quarter Ses
 
 *194
 
 sions- of Erie'County reversing the order of the board which refused to issue a club liquor license to the Aqua Club.
 

 An ápplicatión for a club liquor license was filed by the Aqua Club on July 5, 1962, for premises situated in Millcreek Township, Erie County, under the provisions of sections 404, 461, and 464 of the Liquor Code, as amended, 47 PS §§4-404, 4-461, and 4-464.
 

 After a hearing the board concluded: “While it is conceded that the applicant’s premises are in a resort area, there is no evidence of necessity for another license for the retail-sale of alcoholic beverages in the township. It is also to be noted that even though necessity for an. additional license for. .the accommodation of the public utilizing the resort facilities were established, such a need would not be met by the issuance of a club liquor -license under which the sale of alcoholic beverages is limited to the club’s membership.”
 

 On appeal the court below found that substantial need did exist,, and directed the board to issue a club liquor license to the Aqua Club.
 

 The issues before us are whether the board erred in ■finding that no. actual necessity, for a club license existed,. and whether the court below made adequate findings of facts to support its conclusion that a substantial necessity did exist.
 

 ' - The'Aqua Club has been in existence since 1955, and at the- present time "has 12 active and 264 social members. ■ The club is near Lake Erie, Presque Isle Bay, and Presque Isle Péninsula, where, during the summer- months, boating, fishing, and swimming are engaged in. During the winter months Presque Isle Bay is used for iceboating, skating, and fishing through the ice. The club members engage in these recreational activities and require a meeting place to congregate in informal attire such as bathing suits and skin diving- suits.
 

 
 *195
 
 The board introduced evidence of the existing licensed establishments in the afea and their approximate distances from the Aqúa Club to show the lack of necessity. However, on cross-examination, it was indicated that many of these establishments are seasonal and are closed during part of the year. The applicant introduced evidence- indicating that club members have been refused service when dressed in the informal attire which is required in their activities.
 

 “. . . the requirement-of necessity in a resort area must be considered in the light of the circumstances under which the applicant operates. 'The term “actual necessity” in determining the need for a liquor license will be given a broad construction so as to mean substantial need in relation to. the pleasure, convenience and general welfare of the persons who would make use of the facility.’ ”
 
 Willowbrook Country Club, Inc., Liquor License Case,
 
 198 Pa. Superior Ct. 242, 246, 181 A. 2d 698, 700, affirmed 409 Pa. 370, 187 A. 2d 154.
 

 It is apparent to us that the club members have need of the club to store their equipment and to congregate in informal attire. The evidence indicates that this atmosphere and service cannot ,be furnished by the existing licensed establishments. The.term “necessity” in these cases is not meant for the general public. It is sufficient if a need is established for the pleasure, convenience, and general welfare of the club members rather than convenience or necessity as to the entire resort area.
 
 Wildwood Golf Club Liquor License Case,
 
 199 Pa. Superior Ct. 353, 360, 185 A. 2d 649.
 

 Therefore, we agree with the court below that the applicant has produced sufficient evidence to show there is a necessity for the facilities which the Aqua Club can provide.
 

 There must be specific findings by the court below to justify overruling the board.
 
 Andes Grove Rod and Gun Club Liquor License Case,
 
 201 Pa. Superior Ct.
 
 *196
 
 21, 23, 190 A. 2d. 355. Our reading of the opinion of the court below indicates adequate findings to support its conclusion that there was a substantial need for the issuance of a club liquor license in the present case.
 

 The order is affirmed.