In re: Kennells Mills Sportsmen's Club, Inc. from Refusal of Pennsylvania Liquor Control Board to Club License *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Albert B. Miller,* Special Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Israel Packel,,* Attorney General, for appellant.

*Frank S. Lucente,* with him *Robert M. Philson,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 28, 1975:

The Pennsylvania Liquor Control Board (Board) appeals an order of the Court of Common Pleas of Somerset County which reversed the Board when it refused to grant a new club liquor license to the Appellee, Kennells Mills Sportsmen's Club, Inc., (Applicant).

We affirm.

Applicant is a non-profit corporation whose stated purpose is to promote hunting, fishing, and other recrea-

tional activities. The club liquor license application was premised on its location in a *resort area* as the term is used in Section 461(b) of The Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b). At the hearing convened by Board there were no protesting witnesses, but there were several witnesses who testified in support of the application.

The record discloses that there are numerous areas suitable for trailer parking in the area and that the area, in season, is used widely for hunting and fishing and sleeping accommodations are available within a radius of ten miles.

The court below specifically found that there is a large seasonal influx during two seasons of the year.

In *Springdale District Sportsmen's Association v. Pennsylvania Liquor Control Board,* 20 Pa. Commonwealth Ct. 479, 342 A.2d 802 (1975), we set forth the law as it relates to the resort exception. Suffice it to say, after careful review of the record, the lower court appropriately found that this area is a "resort area," and that need to accommodate the club members as it relates to the issue of a club license existed. The sole disquieting issue is that the court below, in attempting to conform to the requirement of *Andes Grove Rod and Gun Club Liquor License Case,* 201 Pa. Superior Ct. 21, 190 A. 2d 355 (1963), and make a specific finding as to influx, overlooked the command of specific findings made in *Willowbrook Country Club, Inc. Liquor Case,* 409 Pa. 370, 187 A. 2d (1962). There specific numbers of transients incoming during a season were specifically cited. Here, the finding was one of *general increases.* We cannot say, however, that this is sufficient error to reverse the court below, especially in light of the fact that Appellant does not press this issue on appeal.

Consistent with the foregoing, the order of the court below is affirmed.