Pennsylvania Liquor Control Board *v.* Joseph A. Struder and Virginia M. Struder, t/a Neon Lion, Appellants.

Argued May 8, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and BLATT, sitting as a panel of three.

*Richard W. Mutzabaugh,* with him *Mutzabaugh & Mutzabaugh,* for appellants.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 28, 1975:

The sole issue before us in the present appeal is whether the lower court erred in finding lack of *necessity* in the issue of a restaurant liquor license and amusement permit pursuant to The Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 et seq.

This case is controlled by the standards relating to necessity enunciated in *Springdale District Sportsmen's*

*Association v. Pennsylvania Liquor Control Board,* 20 Pa. Commonwealth Ct. 479, 342 A.2d 448 (1975), wherein we stated:

1. The circumstances of the Applicant should be viewed with relation to the need of persons making use of the facility.

2. Actual necessity is the need of the area for the additional license. To this end, inquiry should be directed to 1) the number and types of establishments already operating in the area; 2) the clientele served by the existing licenses, and 3) the clientele intended to be served by the Applicant.

3. Recognize the distinction between the need of club licenses or club catering licenses in a resort area, for the purposes of its individual members and the needs which qualify the issue of other licenses.

4. Necessity is a legal issue which demands competent evidence in support thereof.

Appellant cites the following facts from the record in support of his necessity claim.

"1. Tourism is a major industry in the County . . . most of these people coming from outside Cameron County.

"2. Fluctuation and influx of tourists increased during the season two or three thousand.

"3. Snowmobile trails are used during the winter months.

"4. The closest establishment to the subject premises is two miles away.

"5. The next closest licensed establishment is four miles away.

"6. The next closest licensed establishment is five miles away from the subject premises, and the next closest licensed establishment is six miles away from the subject premises.

"7. There are 326 camps in Shippen Township, the township in which the subject premises is located.

"8. Highway travel per day in the area of the subject premises is 2550 cars per day for the first 50th hundredth of a mile, then it drops to 2,000 cars per day.

"9. The distance of the subject premises is 2.3 miles from Emporium, Pennsylvania.

"10. Two thousand fishing licenses were issued.

"11. Six thousand hunting licenses were issued.

"12. The area is used a lot for hunting and fishing by tourists.

"13. There are 229 homes in the immediate area of the subject premises from which the closest licensed premises is eight miles.

"14. There are 1200 camps in Cameron County.

"15. The number of people increases in the area during hunting and fishing season."

We read these facts to relate merely to the question of whether the area is a resort area. Contentions four, five and six and thirteen referring to other licensees in the area, would tend to establish necessity. Necessity must be shown by the Applicant's ability to add a service where and when the current licensee cannot so provide. *See generally, Willowbrook Country Club, Inc. Liquor License Case,* 409 Pa. 370, 187 A.2d 154 (1962) ; *Springdale, supra; Aqua Club Liquor License Case,* 202 Pa. Superior Ct. 192, 195 A.2d 802 (1963). Of this relevant testimony, numbers four, five and six are relevant but not determinative. *In Re Application of Dorothy Hohl,* 20 Pa. Commonwealth Ct. 491, 342 A.2d 493 (1975). Similarly, number thirteen relates a portion of the populus in the area to the existing licensees' facilities. But, nowhere is the testimony establishing that the current licenses in the area cannot adequately serve the need in the area. Nor is there evidence of the total number or type of establishments in the area, or the clientele served by them or to be served by the Applicant. Absent such crucial inquiries on the record, we must affirm the order of the court below.