Pennsylvania Liquor Control Board *v.* Hilltop Country Club Application for New Catering Club Liquor License. Pennsylvania Liquor Control Board, Appellant.

Argued June 10, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellant.

*David M. Kozloff,* with him *Eves & Kozloff,* for appellee.

OPINION BY JUDGE MENCER, August 30, 1976:

The Pennsylvania Liquor Control Board (Board) brings this appeal from a decision of the Court of Common Pleas of Berks County which reversed the Board's refusal of a new "catering club" liquor license to the Hilltop Country Club (Hilltop). We reverse.

It was established without contradiction before the Board and at the trial de novo that Lower Alsace Township, in which Hilltop is located, has exceeded its quota of retail liquor licenses under Section 461 of the Liquor Code[1] (Code), 47 P.S. §4-461. Hilltop sought therefore to bring itself within the exception in Section 461(b) of the Code which provides:

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 et seq.

"(b) The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area."

The court below correctly found that the facts as marshalled by Hilltop did not support a conclusion that Lower Alsace Township or the surrounding area was a "resort area" within the current judicial definitions of that term. *See Petition of Springdale District Sportsmen's Association*, 20 Pa. Commonwealth Ct. 479, 342 A.2d 802 (1975). Nevertheless, the Court stated:

"[W]e are of the opinion that under the circumstances the applicant's [Hilltop's] facilities should be considered a resort area for its members and guests."

The lower court's sympathy with Hilltop's application is understandable from this record. However, without a specific finding of a seasonal influx of transients, necessitating an increased number of licensed establishments to serve them,[2] it was error for the lower court to sustain Hilltop's appeal.

Order reversed.

---

[2] *See Willowbrook Country Club, Inc. Liquor License Case*, 409 Pa. 370, 187 A.2d 154 (1962).