In Re: Appeal From Denial of Restaurant-Liquor License Application of William J. Baier and Susan E. Baier, t/a The Town House, 16 Public Avenue, Montrose, Pennsylvania. William J. Baier and Susan E. Baier, t/a The Town House, Appellants.

Argued April 7, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Charles Witaconis,* with him *Ralph P. Carey,* for appellants.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 5, 1978:

This case comes before us on appeal from a decision of the Court of Common Pleas of Susquehanna County which affirmed the Pennsylvania Liquor Control Board's (Board) denial of appellants' application for a restaurant liquor license. We affirm.

Appellants operate a restaurant in Montrose Borough, Susquehanna County, and currently possess a retail dispenser eating place license (beer). Montrose Borough has a quota of one license for the sale of alcoholic beverages. In addition to appellants' license, there are currently two hotel liquor licenses and one restaurant liquor license in effect in Montrose. The two hotel liquor licenses, however, do not count against the quota.

Appellants contend that they are entitled to a restaurant liquor license on the basis of Section 461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b), which allows the Board "to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area." Appellants contend that Montrose is located within a resort area and that therefore

the quota is not a barrier to their obtaining a new license.

The lower court, which took additional testimony and heard the matter de novo, held that the Board did not abuse its discretion in finding that Montrose Borough was not located within a resort area. We must agree. Appellants presented little evidence on the issue of whether there is a seasonal influx of a large number of temporary inhabitants. *See Petition of Springdale District Sportsmen's Association*, 20 Pa. Commonwealth Ct. 479, 342 A.2d 802 (1975). Appellants rely on the fact that the volume of mail in the Montrose Post Office increases 40% during the summertime. We fail to see how this evidence establishes that there is a seasonal influx of a large number of temporary inhabitants into the Montrose area. Appellants also rely on the fact that Montrose Borough is located in a rural area; however, this factor is not, of itself, controlling. Similarly, "[t]he mere fact that the neighborhood affords opportunities for fishing, boating and swimming does not of itself make it a resort area as that phrase is used in the statute." *Andes Grove Rod and Gun Club Liquor License Case*, 201 Pa. Superior Ct. 21, 24, 190 A.2d 355, 356 (1963).

Since we agree with the lower court that the Board was correct in holding that Montrose Borough is not located in a resort area, we need not consider whether there is a need for additional liquor licenses in that municipality or that the proposed license would be within 300 feet of restrictive institutions.

Accordingly, we will enter the following

ORDER

AND Now, May 5, 1978, the decision of the Court of Common Pleas of Susquehanna County, at No. 304 January Term, 1977, dated March 24, 1977, is affirmed.