In Re: Appeal from Decision of the Pennsylvania Liquor Control Board Refusing Application for a New Restaurant Liquor License by David J. Aiello, t/a McBeths Ribs and Chips, Star Route 1, Box 93, Ridgway, Pennsylvania. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued November 3, 1977, before Judges CRUM-LISH, JR. and BLATT, sitting as a panel of two. Rear-

gued October 31, 1978, before President Judge Bow-
MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-
CER, ROGERS, DiSALLE and CRAIG. Judges BLATT and
MacPHAIL did not participate.

*Mark Stephen Spenick,* with him *Kenneth W. Ma-
kowski,* Assistant Attorney General, *Harry Bowytz,*
Chief Counsel, and *Robert P. Kane,* Attorney General,
for appellant.

*John R. Fernan,* with him *Cartwright, Fernan &
Whitney,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 21, 1979:

Before us is the question whether the Court of
Common Pleas erred in reversing a decision of the
Pennsylvania Liquor Control Board (PLCB) which
denied an application by David J. Aiello, t/a McBeths
Ribs and Chips, for a restaurant liquor license under
Section 461(b) of the Liquor Code (Code).[1]

---

[1] Section 461(b) of the Liquor Code, Act of April 12, 1951, P.L.
90, *as amended,* 47 P.S. §4-461(b), states in relevant part:

  (b) The board shall have the power to increase the
number of licenses [beyond established quotas] in any such

Section 461(b) of the Code, 47 P.S. §4-461(b), provides for the discretionary issuance of liquor licenses beyond the established quota for any municipality if PLCB determines that the municipality is located in a resort area. An applicant, in order to fall within this "resort area" exception must further establish that there is an actual need for the granting of an additional license and that license holders already in business are not adequately equipped to supply the needs of those frequenting the area at certain seasons when the population is greatly increased. *Willowbrook Country Club, Inc. Liquor License Case,* 409 Pa. 370, 187 A.2d 154 (1962); *Pennsylvania Liquor Control Board v. Struder,* 20 Pa. Commonwealth Ct. 494, 342 A.2d 807 (1975).

Aiello's application for a new liquor license for his restaurant in Ridgway Township, Elk County, was disapproved by PLCB after a hearing on the grounds that (1) the liquor license quota for Ridgway Township was already exceeded;[2] (2) the establishment proposed to be licensed did not fall within the "resort area" exception which would allow the issuance of liquor licenses beyond Ridgway Township's established quota; and (3) there had been no showing of a necessity for an additional liquor license in Ridgway Township.

Aiello appealed to the Court of Common Pleas which held a hearing de novo on his application pur-

---

municipality which in the opinion of the board is located within a *resort area.* (Emphasis added.)

[2] On this issue, PLCB found:

As provided by law, Ridgway Township, Elk County, has a quota of 1 license for the retail sale of alcoholic beverages and there are presently 2 restaurant liquor licenses in effect which are counted against the quota. Consequently, the quota for this municipality is exceeded. There are also 1 hotel liquor license, 1 club liquor license and 2 catering club liquor licenses in effect which are not counted against the quota.

suant to Section 464, 47 P.S. §4-464. The trial court found as a matter of law that Aiello had established the actual necessity for an additional liquor license in the municipality and that his establishment was located in a resort area. The court then reversed PLCB and ordered the requested issuance of a liquor license.

On appeal, PLCB does not contest the court's finding of actual need for an additional liquor license but argues that the record lacks substantial evidence establishing Ridgway Township, Elk County, as a resort area. We agree.

Although the term "resort area" is not statutorily defined, we have held that the term connotes a territory that experiences a seasonal increase in population as a result of visitation of transients. *Penn State Faculty Club Liquor License Case,* 33 Pa. Commonwealth Ct. 320, 381 A.2d 1017 (1978); *Petition of Springdale District Sportsmen's Association,* 20 Pa. Commonwealth Ct. 479, 342 A.2d 802 (1975). Areas where large transient populations have engaged in seasonal diversions such as swimming, hunting, fishing, camping, etc., have been found to be resort areas. *See Kennells Mills Sportsmen's Club, Inc. v. Pennsylvania Liquor Control Board,* 20 Pa. Commonwealth Ct. 487, 342 A.2d 809 (1975). However, we have held that the mere fact that there exist heavily used parks or recreational facilities in the area does not in and of itself show the area to be a resort without a showing that the facilities are used primarily by temporary inhabitants and not primarily by the area's residents. *Baier Liquor License Case,* 35 Pa. Commonwealth Ct. 226, 385 A.2d 630 (1978); *Chukker Valley Golf Club, Inc. v. Pennsylvania Liquor Control Board,* 20 Pa. Commonwealth Ct. 321, 341 A.2d 212 (1975). We have thus required "specific findings as to influx of transients. It is not sufficient to say the number of people in the area increases during a certain season.

What is required is a specific finding . . . that there was an increase of . . . persons yearly in the region at peak periods.'' *Springdale, supra,* 20 Pa. Commonwealth Ct. at 485, 342 A.2d at 805. *See also Hilltop Country Club Liquor License Case,* 26 Pa. Commonwealth Ct. 206, 363 A.2d 882 (1976).

The record reveals that Aiello's restaurant is located approximately at the geographic center of Elk County along U.S. Route 219 which is the most heavily traveled north-south route in that county. Aiello operates a fast-food family restaurant providing a varied menu.

In attempting to establish the Ridgway Township area as a resort area, Aiello adduced evidence that Elk County issued a total of 10,989 hunting licenses during 1975; that there were several camp sites close by but not in Ridgway Township; and that a Campsite of America campground was under construction approximately one-half mile from his property which may accommodate 75 camp sites. However, the record fails to specify the number and size of these recreational facilities in and around Ridgway Township, their proximity to Aiello's restaurant, the seasons during which the facilities are used, and the number of people occupying them.

At the bottom of all of this is the controlling factor: our scope of review is limited. PLCB has a wide range of discretion in determining whether a municipality is located in a resort area, and there must be a clear abuse of discretion before its action will be set aside by our courts. *Penn State Faculty Club Liquor License Case, supra.*

A fair inference to be drawn from the instant record as it exists after two hearings on the application is that the demonstrated need for an additional liquor license is properly attributed to the fact that Aiello's property is located on the most heavily traveled north-

south thruway in Elk County carrying tourists to and from other resort areas and not due to a seasonal influx of transients to a resort area. Therefore, we cannot say that PLCB has abused its discretion in concluding that Aiello has not established that his restaurant is located *in* a resort area.

Nor can we conclude, as did the trial court, that the existence of recreational facilities in Ridgway Township, absent specific findings as to the seasonal influx of transients availing themselves of these facilities, satisfied as a matter of law the criteria set forth for the "resort area" exception.

Accordingly, we

### ORDER

AND Now, this 21st day of March, 1979, the order of the Court of Common Pleas of Elk County in the above captioned matter, dated December 31, 1976, is hereby reversed.