In Re: Sibyl M. Janes of Wilderness Lodge, Weeks Valley Road, R.D. No. 2, Wattsburg, Pennsylvania v. The Pennsylvania Liquor Control Board, Appellant.

Argued May 7, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*J. Leonard Langan*, Assistant Attorney General, with him *Kenneth W. Makowski*, Acting Chief Counsel, and *Gerald Gornish*, Acting Attorney General, for appellant.

*Dennis V. Williams*, with him *Hanes, Lucht, Kinter, Williams & Ungerman*, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 31, 1979:

We have in this case an appeal by the Pennsylvania Liquor Control Board (Board) from a decision of the Court of Common Pleas of Erie County, after a de novo hearing, reversing the Board's denial of appellee's request for a new restaurant liquor license for premises known as Wilderness Lodge. We affirm.

Located on a tract of land slightly in excess of 200 acres, appellee's establishment was developed primarily to provide suitable facilities for cross-country skiing.[1] Wilderness Lodge is located in Venango Township which at the time of this application had its retail liquor license quota full; counted against the quota were two retail licenses for taverns located four and six miles from appellee's premises.

By order dated November 29, 1977, the Board refused the application finding the requirements of Sec-

---

[1] Financing for this development, which required among other things bulldozed trails to accommodate cross-country skiers, was partly provided by a Federal Housing Authority recreational loan.

tion 461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b), governing the discretionary issuance of liquor licenses beyond the established quota for a municipality, had not been satisfied.[2]

Our scope of review in appeals such as the one now before us is limited, *Penn State Faculty Club Liquor License Case,* 33 Pa. Commonwealth Ct. 320, 381 A.2d 1017 (1978). Nevertheless, we are convinced after a review of the record, including the testimony before the Board as introduced by the Board at the de novo hearing and the additional testimony offered by appellee, that the common pleas court's decision is supported by substantial evidence.

The evidence supporting the finding that appellee's establishment is located in a resort area is not only convincing, it is unrefuted. W. Robert Chandler, executive director of the Erie County Tourist and Convention Bureau, testified that Erie County, famous as a summer resort area, was actively seeking to establish itself as a year around resort area by stimulating the development of winter recreational facilities. Wilderness Lodge, in his opinion, constituted an integral part of that development. His testimony was corroborated by Michael J. Flatley, chairman of the Erie County Commissioners.

Apart from its broader role in the development of winter recreation in the county generally the testimony establishes Wilderness Lodge as a resort area in its own right by virtue of its development of cross-country skiing trails. Reverend Thomas E. Wagner, himself an avid cross-country skier, testified that he

---

[2] Section 461(b) of the Liquor Code reads in pertinent part:

(b) The board shall have the power to increase the number of licenses in any such municipality [*i.e.*, where the quota is already filled] which in the opinion of the board is located within a resort area.

knew of no comparable facility for the sport within 200 miles. Although only in its infancy, the Wilderness Lodge registered 2002 skiers during the 1976-77 season representing seventeen different states. Finally, in addition to the cross-country skiers attracted to appellee's establishment, snowmobilers during the winter and hikers and motorcyclists during the warmer months frequent the premises. It is evident from this brief survey of the testimony presented before the Board and the court of common pleas that substantial competent evidence supported a finding that the Wilderness Lodge is located in a resort area.

In order to qualify for the resort area exception to the retail liquor license quota for a municipality it is necessary that the applicant also demonstrate that there exists an actual need for an additional license, not simply that the establishment is located in a resort area. *In Re Aiello*, 41 Pa. Commonwealth Ct. 345, 399 A.2d 154 (1979).

With respect to the determination of actual need we are guided by the decision of the Superior Court in *Willowbrook Country Club, Inc. Liquor License Case*, 198 Pa. Superior Ct. 242, 181 A.2d 698, *aff'd*, 409 Pa. 370, 187 A.2d 154 (1962). Quoting from the opinion of the common pleas court in *Minnichbach License*, 24 Pa. D. & C. 2d 749 (1961), Judge WRIGHT, later President Judge WRIGHT, observed that

the requirement of necessity in a resort area must be considered in the light of the circumstances under which the applicant operates. 'The term "actual necessity" in determining the need for a liquor license will be given a broad construction so as to mean substantial need in relation to the pleasure, convenience and general welfare of the persons who would make use of the facility.'

*Willowbrook, supra* at 246, 181 A.2d at 700.

The need for a liquor license at Wilderness Lodge was most dramatically demonstrated by the testimony regarding the interplay between the New York State ski resort Peek 'n Peak and the Wilderness Lodge.[3] For those guests of the New York resort who are interested in cross-country skiing it is not difficult to ski into Pennsylvania to use the trails at Wilderness Lodge. If however such visitors contemplate the relaxation of an establishment which serves liquor they must make an immediate return trip to New York. The same alternative for after-ski relaxation is presented to the regular patrons of Wilderness Lodge. In light of the nature of the activities promoted by appellee's establishment it is self-evident that retail licenses located in taverns four and six miles distant cannot accommodate the needs of the seasonal influx of winter sports enthusiasts.

Accordingly, we will enter the following

ORDER

AND Now, May 31, 1979, the order of the Court of Common Pleas of Erie County at No. 2543 of 1977, entered January 26, 1978 is hereby affirmed.

---

[3] Peek 'n Peak (also Peake and Peake in the record) is primarily an alpine or down-hill skiing facility located just across the nearby Pennsylvania-New York State border and is not equipped with the long rather level trails required for cross-country skiing.