## Carmen's Restaurant v. Pa. L.C.B.

*James V. Senape, Jr.*, for plaintiff.
*William T. Malone,* for the Commonwealth.

BROMINSKI, *J.,* November 15, 1982 — This matter comes before the court upon appeal of Carmen's Restaurant, Inc., t/a Carmen's Country Inn, from a failure of the Pennsylvania Liquor Control Board to grant a restaurant liquor license for said Carmen's Country Inn. The reasons for the refusal are:

"1. As provided by law, Butler Township, Luzerne County, has a quota of 2 licenses for the retail sale of alcoholic beverages and there are 11 restaurant liquor licenses in effect counted against the quota. Consequently, the quota for this municipality is exceeded. There are also 2 hotel liquor licenses and 1 catering club liquor license in effect which are not counted against the quota."

The appeal recites that on October 13, 1981, a hearing was held on said application and the Commonwealth conceded that Carmen's Country Inn was in a resort area, but that it was not established

that there was a necessity for an additional retail liquor license in Butler Township, Luzerne County, Pa. At the hearing no protestant appeared and no registered complaints were filed with the Pennsylvania Liquor Control Board. A re-hearing was held on said application on March 18, 1982.

A hearing was held by this court on the appeal, on October 7, 1982. The Commonwealth offered a certified copy of the application, opinion and appeal notification; a certified copy of the original report of investigation for the restaurant liquor license and the testimony of the two hearings taken before the Board on October 13, 1981 and March 18, 1982.

At the hearing before this court on October 7, 1982, the following testimony was elicited:

Walter Yankoski, an Enforcement Officer for the Pennsylvania Liquor Control Board, retired, testified that he made an investigation of the application for a retail resort area restaurant liquor license and that he measured distances and locations of all of the bars in Butler Township from the present establishment. That he measured these distances by means of the odometer on his car, and he listed them as follows: William J. and Doris Denke, Route 309, Drums, 2.7 miles from the proposed premises to be licensed; Dominick Palumbo, Jr., t/a The Woodshed, St. John's Evergreen Park, 5.4 mi.; Peter Postupack, t/a Ranch House Lounge, 1.5 mi.; Muclo, Inc., t/a Stage Coach Inn, Drums, 5 mi.; Natalie Mussari, t/a Sun Valley Inn, Drums, 2.3 mi.; Butler Township Fire Company, Inc., R.D., Drums, 1.9 mi.; Mable Harriman and Garfield Carlin, t/a Zip's, Drums, 5.1 mi.; Peter Ferdinand, Jr., and Ruth Ferdinand, 1.4 mi.; Morris Sadofsky and Carol J. Sheman, t/a Lakeview Log Cabin, 5.5 mi.; James A. Hartman, t/a Shady Restaurant, 5.4 mi.; Joseph

Vitack, t/a Valley Hotel, 1.6 mi.; Claude and Gina Eckrote, 5.8 mi.; Edgewood Pines Golf Course, Inc., 4.4 mi.; Kevin and Helen McDonald, t/a Damenti's, 6.2 mi.

On cross-examination Walter Yankoski testified that plaintiff's premises, the corporation, and the manager met all of the requirements of the board. That the area is a transient area and a direct route to the Poconos. That there are not many good restaurants in the area, that they are mostly neighborhood bars. He described a neighborhood bar as serving alcoholic beverages but no food. That Dominick Palumbo's Woodshed is now burned down and the license is in escrow; that Hartman's is a good restaurant; that Edgewood Pines is a restaurant and a golf course and caters mostly to golfers; that Muclo's Stage Coach Inn is a fairly good restaurant; that Mussari's is a food restaurant and a motel; that Butler Township Fire Company is a club license; that Zip's and Ferdinand's are neighborhood bars; Denke's is a hotel. He doesn't have a great deal of knowledge about Sadofsky's Lakeview Log Cabin; that Eckrote's is a neighborhood bar and that Damenti's served food but that he didn't know the opening and closing hours of any of the above licensed premises. He testified that the premises in question is located on Legislative Route 653, which is the Freeland road between Route 309 and 940, which is a direct route to the Poconos and that it is approximately five miles from Interstate Routes 80 and 81. That there is a seasonal increase in population. That there is fishing and general water activities in the area and there are also recreational sites nearby. That he has lived in Beaver Meadows for 37 years, about 10 miles from the DeLese facilities. That the greatest tourist attraction in Luzerne County is the Eckley Miners' Village. In answer to

320

Mr. Senape's Question, Mr. Yankoski answered as follows:

"Q. If I were to tell you, Mr. Yankoski, and we will be able to prove it through subsequent witnesses, that there has been a steady increase in the Applicant's business since July of '81 up to the present time, consistently, every month, and that this was due to the fact that there was tourists and transients coming into the area, would you agree with me that there would then be a substantial and actual need and necessity for Applicant's restaurant to exist?

A. If that is the case, if you can prove that fact, I believe that the license should be issued. There would be need for a restaurant liquor license. But, I'm not the one to issue licenses. I only report the facts."

The witness further testified that the Pocono Mountain Area is the leading resort area in Northeastern Pennsylvania, if not the Northeastern United States.

On re-direct examination by Mr. Malone, Mr. Yankoski testified that since June of 1981 he has not been in the premises in question, but that he passes the facility often.

Paul Lauer, employed by the Luzerne County Tourist Promotion Agency, testified that he is the Executive Director of the Agency and has been employed by them 15 years. That he is familiar with the location of the premises, that there are a number of tourist attractions in the area, namely, Eckley Miners' Village and Sacred Heart Shrine; two major golf courses; two major ski areas and Hickory Run State Park, and that applicant's property on Route 309 is within five miles of Interstates 80 and 81. That family tourist groups are looking for family-type restaurants and that all statistical information

indicates that Luzerne County is No. nine among 67 Pennsylvania Counties in total tourism receipts.

On cross-examination by Mr. Malone, Mr. Lauer testified that he had never been to Carmen's Country Inn.

Carmen Delese, called and sworn, testified on his own behalf, as follows: That he is President and sole shareholder in the subject corporation; that from 1972 until 1980 they operated mainly as a catering facility; that they now have seating for approximately 350 people, two kitchens, and parking facilities for 500 cars, all on approximately 18 acres of land; that since 1972 he has spent over $200,000 building, landscaping and improving the property; that in July, 1981 they began operating as a restaurant and that his daughter, Cathy Jo Kutchi, is the proposed manager. He testified that he has operated a similar family-type restaurant in Hazleton for 26 years; that their menus contain daily specials and over 200 items; that they have had increased business every month but they could do a lot better if they were able to dispense alcoholic beverages to those people who request it. He testified that the tourist and transient trade has increased. He then testified that he has personally visited other Licensees in the area and stated that the Woodshed is in escrow; that Shady Rest serves sandwiches and is mostly a barroom; that the Ranch House Lounge never took off and is in escrow; that Edgewood Pines is a dinner place; Valley Hotel has limited frozen food; Damenti's have good food, reservations only, and too small to service transients; Stage Coach Inn has been closing during winter months and has a limited menu; that Butler Township Fire Co. is a Club, for members only; Sun Valley Inn is very limited, a motel business, bar, and some frozen food; Zip's is a neighborhood bar, some food;

Denke's have no menu at all; Lakeview Log Cabin caters to a younger, drinking weekend crowd. He testified that at the subject premises they get many requests for wine and beer and that often customers are disappointed when they can't meet their requests.

On cross-examination by Mr. Malone, Mr. Delese testified that he occasionally caters for the Butler Township Fire House; that his facility is double the size of the Fire House; that he doesn't know why The Stage Coach closes; that the Ranch House burned down; that he is not looking for a neighborhood bar type business.

Cathy Jo Kutchi, called and sworn, testified on behalf of plaintiff, as follows: That she also did an investigation of the other licensed establishments in the area and she discovered that most of the facilities had very limited or non-existent menus and were, primarily, neighborhood bar type establishments; that Shady Restaurant has hours from 11:00 am to 2:00 pm, no daily specials or family specials; Edgewood has weekday hours from 5:00 pm until 10:00 pm, weekends, 1:00 pm until 7:00 pm they have a dinner clientele, not family dining, their menu prices start at $10.00 per person, whereas plaintiff's family prices start at $3.50 per person; Sun Valley, no dinner, frozen menu only; Zip's Cafe, neighborhod bar, hot dogs and hamburgers; Ferdinand's, same type, hours 7:00 pm until midnight; Lakeview Log Cabin, 11:00 am to 12:00 noon, 5:00 pm to 12:00 midnight, sandwiches; Valley Hotel, 4:00 pm to 12:00 midnight, frozen foods; Damenti's, 5:00 pm until 10:00 pm, Tuesday through Saturday, suit and tie crowd, reservations necessary. She testified that their business has had a growing increase since it opened in July, 1981,

and the 1982 receipts are greater than 1981, that they average two catered parties a month, that they open· early in the morning and serve breakfast, lunch and dinner; that they have specials every day of the week; that they serve local people, but that the large percentage of their trade are transients and that they have many requests for cocktails, wine or beer to be served with their meals and that they have to turn their clients down.

On cross-examination by Mr. Malone, the witness testified that when they turn down requests for beer or wine sometimes the customer comes back, but sometimes they don't.

## DISCUSSION

This appeal rests upon Section 461 of the Liquor Code (47 P.S. Section 4-461(b)):

". . . to increase the number of licensees in any . . . municipality which in the opinion of the Board is located within a resort area . . ."

In this case the board concedes that petitioner's premises is in a resort area. The reasons for its refusal are:

"1. As provided by law, Butler Township, Luzerne County has a quota of 2 licenses for the retail sale of alcoholic beverages and there are 11 restaurant liquor licenses in effect counted against the quota. Consequently, the quota for this municipality is exceeded. There are also 2 hotel liquor licenses and 1 catering club liquor license in effect which are not counted against the quota.

2. It has been established that the premises proposed to be licensed are located within a Resort Area, but it has not been established that there is a necessity for an additional retail liquor license in Butler Township, Luzerne County."

Upon appeal to the court from a decision of the Pennsylvania Liquor Control Board, the court cannot substitute its judgment for that of the board. The court can reverse the board only if the board has committed a clear abuse of administrative discretion or where facts elicited de novo differ from those found by the board. Penn State Faculty, Club Liquor License Case, 33 Pa. Commw. 320, 381 A.2d 1017 (1978).

Abuse of discretion has been defined as:

"In Zermani Liquor License Case, 173 Pa. Super., at page 431, 98 A.2d 645 (1953), the court said: 'an abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or illwill, as shown by the evidence or the record, discretion is abused.' This rule requires a party who questions the action of the Board to convince the reviewing court, whether lower or appellate, that the evidence before the court, discloses the tokens of abused discretion."

The problem here is that the board did not make findings of fact so that we cannot determine if it abused its discretion. However, from the facts of record and the court's findings of facts, we can determine whether there is or there is not "a necessity for an additional retail liquor license in Butler Township, Luzerne County".

In Pennsylvania Liquor Control Board v. Struder, 20 Commw. Ct. 494, 342 A.2d 807 (1975), the court said:

"Necessity must be shown by the Applicant's ability to add a service where and when the current licensee cannot so provide." Id. at 497, 342 A.2d at 809.

In re: Appeal of Paul Levy, No. 101 Misc. 1981, page 302 states:

"2. Necessity for Additional License.

. . . It is well established that issuance of an additional license in a resort area is warranted only upon a showing that 'there is an actual need, and that the license holders already in business are not adequately equipped to supply the need of those frequenting the area'. Willowbrook Country Club, Inc. Liquor License Case, 409 Pa. 370, 374, 187 A.2d 154, 156 (1962)."

Pennsylvania Liquor Control Board v. Parker, 56 Pa. Commw. 486, 490, 425 A.2d 853, 855 (1981).

" 'Actual need' is to be broadly construed so as to mean substantial need in relation to the pleasure, convenience and general welfare of those who will use the facility. Janes v. Pa. Liquor Control Board, 43 Pa. Commw. 165, 402 A.2d 1093 (1970). The factors we must consider are

'the need of persons who will use the facility and the number and types of establishments already present in the area. Further, whether the clientele to be served is different from that served by existing licensees.' "

From the facts of record the court finds the following

## FINDINGS OF FACT

1. Applicant's establishment is located on Legislative Route 653, which connects Pa. Route 309 and Pa. Route 940, which is the Gateway to the Poconos.

2. The premises are within five miles of Interstate Highways 80 and 81.

3. That Butler Township population has increased 60 percent in the past five years.

4. That although they are over quota in Butler Township, the other licensed establishments gener-

ally operate only in the evening and cater to local residents or dinner trade.

5. That applicant's establishment is a family type restaurant, serving breakfast, lunch and dinner, is open every day from early morning to 10:00 pm serving daily specials and has a seating capacity of 350 and a parking area that accommodates 500 cars.

6. That applicant's receipts have shown a continuing upward trend.

7. That the Pocono Mountain Resort Area and the many special tourist attractions in the area have shown an upward trend in the past years.

8. Patrons of applicant's restaurant continually request alcoholic beverages.

9. That applicant's premises has the capacity for catering to large groups and wedding receptions but that the absence of a liquor license has limited their growth in this direction even though the facility, itself, is ideal.

10. That applicant has spent $200,000 building, landscaping and improving the subject premises.

11. That transient visitors are looking for a good family restaurant when touring the Poconos.

12. The subject premises is unique as it applies to other licensed premises in Butler Township, since no other licensee can provide full daily specials at moderate prices with hours from early morning through 10:00 pm, with seating and parking facilities for up to 350 people or 500 cars.

From these findings of fact, applicant has met its burden of proof and demonstrates that there is a necessity for an additional liquor license. Petition of Springdale 20 Pa. Commw. 479, 342 A.2d 802 (1975). Applicant's premises is unique and can provide such facilities as no other licensee in Butler Township, especially in regard to prices, hours

available to the public, seating capacity and parking facilities.

Therefore, since the court has found there is a necessity for the license, as well as additional facts not found by the board, we enter the following

## ORDER

And now, this November 15, 1982, it is hereby ordered, adjudged and decreed that the appeal of Carmen's Restaurant, Inc., t/a Carmen's Country Inn is sustained and the order of the Pennsylvania Liquor Control Board, dated November 24, 1981, is reversed and set aside.

It is further ordered and decreed that the Pennsylvania Liquor Control Board should issue a Restaurant Liquor License to Carmen's Restaurant, Inc., t/a Carmen's Country Inn, forthwith.