**In Re: Appeal from Decision of Pennsylvania Liquor Control Board Refusing Application for a New Restaurant License by Louis Paul Pesante T/A Lou Pesante's Restaurant**

*James F. Toohey,* for the Pennsylvania Liquor Control Board.

*William R. Mervine,* for appellant.

WOLFE, *P.J.,* October 24, 1984—On August 27, 1981 we sustained the Liquor Control Board's order refusing a restaurant liquor license to appellant. On appeal to the Commonwealth Court the case was remanded to us by opinion filed by Justice Robert M.

Williams, Jr., on May 3, 1984 with the following directions:

"Therefore, we must remand this matter to the court below; and direct the court to make expressed findings of fact confirming the number and type of liquor-licensed dining establishments in Sheffield Township, that are open on Sundays."

Following this mandate we held an evidentiary hearing on August 12, 1984 and supplemented the testimony of the original hearing.

It is now settled Sheffield Township's quota is closed for additional restaurant liquor licenses under the terms of section 461 (a) of the Liquor Code. At the time of appellant's application there existed two existing restaurant liquor licenses and, in addition, not counting against the quota there existed three hotel liquor licenses, one club license and one club retail dispenser license. It is also settled Sheffield Township is designated a resort area.

At the time of the original hearing neither of the two existing restaurant licensees were open on Sundays. These two restaurants now have a permit to dispense alcoholic beverages on Sunday under the code, (47 P.S. §4-432 (f)), in that their food sales and nonalcoholic beverages are equal to 40 percent or more of the combined gross sales of both food and malt or brewed beverages.

At the initial hearing and on appeal appellant's position was he desired a retail liquor license, to be used in connection with his "family-style" restaurant proposed to be built in Sheffield Township. This restaurant would have all of the amenities of a modern restaurant, would be open seven days a week and would be a place where the entire family could go and enjoy food and alcoholic drink.

The liquor board's position was, notwithstanding the proposed premises were in a resort area as

defined by the code, [that] there was no necessity for an additional license in that the current licensees can accommodate the permanent residents as well as the transient public.

Appellant now argues we erred in eliciting testimony at the remand hearing to currently show the status of the accommodations of the existing restaurants, particularly on Sunday. Appellant further argues we erred in our interpretation of the Commonwealth Court order that the "type" of liquor license dining establishment in Sheffield is to include appellant's proposed "family-style restaurant."

We first observe the Commonwealth Court order did not restrict the trial court's taking of testimony to any particular period of time. We therefore assumed we were to consider all evidence germane to the issue.

Second, there is no definition in the Liquor Code of what is designated a "family-style restaurant." As we read the code and apply the decision of the Commonwealth Court we believe the issue to be if there is sufficient facilities on Sundays for the transient public to enjoy their demands for food and drink. We do not view the issue to be which licensee can offer the more plush restaurant. We do understand the case law requires a broad interpretation of the term "actual necessity." Willowbrook Country Club, Inc. Liquor License Case, 198 Pa. Super. 242, 181 A.2d 698 (1962); Appeal of Aqua Club, 202 Pa. Super. 192, 195 A.2d 802 (1964); Janes v. Pennsylvania Liquor Control Board, 43 Pa. Commw. 165, 402 A.2d 1093 (1979).

In Springdale District Sportsman's Assn. v. The Pennsylvania Liquor Control Board, 20 Pa. Commw. 479, 342 A.2d 802 (1975), the court set forth suggested criteria of necessity as follows:

"1. The circumstances of the appellant should be reviewed with relation to the need of persons making use of the facility.

"2. Actual necessity is the need of the area for the additional license. To this end inquiry should be directed to 1, the number and types of establishments already operating in the area, 2, the clientele served by the existing licensees; and 3, the clientele intended to be served by the appellant.

"3. Recognize the distinction between the need of club licenses or club catering licenses in a resort area for the purposes of its individual members and the needs which qualify the issue of other licensees.

"4. Necessity is a legal issue which demands competent evidence in support thereof."

With these issues in mind we make the following expressed findings of fact:

1. There is one hotel liquor license in Sheffield Township located at 15 Main Street, Sheffield, authorized to serve alcoholic beverages on Sunday under the liquor code after July 1, 1984. This hotel is known as the "Shaw House."

2. There is one restaurant liquor license located on Route 6 in Sheffield township with the authority to serve alcoholic beverages on Sunday under the liquor code. This establishment is known as "Andrea's Hillside Restaurant."

3. That these two licensees have been open on Sundays since they have acquired their special permit under the code.

4. That the two licensees have been able to accommodate all guests entering their respective premises on Sunday requesting food and alcoholic drink.

5. That the two existing licensees provide a dining atmosphere suitable for a family including children.

6. That the applicant purports to have a "family-style restaurant" that would be more desirable for the traveling public in a resort area than the licensees' establishments.

7. In addition to the two existing permits to serve alcohol on Sunday there are three hotel liquor licensees, one club licensee and one club retain dispenser, none of which are counted against the quota or serve the general public on Sundays.

8. Both existing licensees that serve on Sunday have a complete menu of breakfast, lunch and dinner.

9. The Liquor Control Board refused the granting of a restaurant liquor license to appellant for the reason the quota for Sheffield Township is closed.

## DISCUSSION

Appellant does not contest the fact the quota is closed. Indeed, appellant, at least before us, has not contested that the existing licensees are unable to serve the public even considering the resort status of the area. Appellant's narrow approach is simply he will have a more pleasing restaurant that the traveling family would be comfortable in entering. Appellant submitted no evidence that the other two licensees are "a working man's bar" or that they are in a state of disrepair or offensive in any respect that the traveling public would be reluctant to enter. Appellant presented no evidence that the public has refused to "wine and dine" at the two establishments.

Appellant's argument in this respect as regards "Andrea's" the restaurant is connected to a bar and both the bar and dining areas are served by the same waitress. The complaint directed to the Shaw

House is that the dining area is closed early and food is only available in the bar area. The lack of a full menu in the existing licensees' establishments and their dining facilities did not witness any families present. In our view this is insufficient to grant an additional license to one who purports to have a better establishment because he will serve a different clientele. As held in Springdale District Sportman's Assn., supra, "necessity is a legal issue which demands competent evidence in support thereof." The fact the private investigator for appellant observed no families dining in the dining area of the two establishments may simply indicate there is insufficient business at the time of day or evening. It is true the two establishments have expanded their menus since they are permitted to now serve on Sundays. This is logical and keeping with their business trade. In this respect appellant's reliance on Daras Liquor License Case, 65 Pa. Commw. 456, 442 A.2d 859 (1982), in our opinion is not applicable. In Daras the evidence revealed appellant's restaurant would be open seven days per week and would serve breakfast, lunches and dinners while the other two establishments were only open at limited times and did not provide full service to the public nor serve breakfast or hot meals. It was on these findings the court held there was a necessity in a resort area for appellant's restaurant and that appellant would serve a clientele different from those in the other two licensed premises. In the instant case appellant has not shown by competent evidence he in fact would be serving a different clientele and the two existing licensees are unable to accommodate the public fully. The Shaw House is open from 8:00 a.m. for breakfast and lunch and on Sunday to 6:00 to 7:00 p.m. [sic]. The Hillside restaurant is open in the morning and remains open

until 11:00 to 12:00 p.m. and on Sundays serves a special for the day and a la carte.

It is for these reasons we enter the following

## FINAL ORDER

And now, this October 24, 1984, the order of the Liquor Control Board dated June 1, 1981 refusing a restaurant liquor license to Louis Paul Pesante for premises at Kane Road, Sheffield Township, Warren, Pa., is affirmed.