In Re: Appeal of Brandywine Valley Inn, Inc. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Argued May 5, 1980, before Judges WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel and *Edward Biester, Jr.,* Attorney General, for appellant.

*Robert J. Shenkin, MacElree, Harvey, Gallagher, O'Donnell & Featherman, LTD.,* for appellee.

*John H. Bream,* for Chester County Tavern Association.

OPINION BY JUDGE MACPHAIL, July 23, 1980:

Brandywine Valley Inn, Inc. (Appellant) filed an application for a liquor license to the Pennsylvania Liquor Control Board (Board) under Section 461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b), the "resort area" exception.[1] The Board conducted a hearing and refused to grant the license. An appeal was filed to the Court of Common Pleas of Chester County and a trial de novo was held pursuant to Section 464 of the Liquor Code, 47 P.S. §4-464. The lower court reversed the Board and ordered that the license be issued. The Board appealed to this Court. We affirm.

---

[1] Section 461(b) provides as follows:
The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area.
47 P.S. §4-461(b).
"Such municipality" refers to subsection (a) of Section 461, which provides that only one license for each 2000 inhabitants of a municipality may be granted by the Board. 47 P.S. §4-461(a).

In the instant case, the Board made the following findings:

1. As provided by law, Pennsbury Township, Chester County, has a quota of 1 retail license. There is presently 1 restaurant liquor license in effect which is counted against the quota. Accordingly, the quota is filled.

2. There is no evidence of a necessity for an additional restaurant liquor license in Pennsbury Township, Chester County.

3. It has not been established that the establishment proposed to be licensed is located in a resort area, within the meaning of the Liquor Code.

Under Section 464, these findings are reviewed de novo and the court may make findings different from those made by the Board. *Petition of Springdale Sportsmen's Association*, 20 Pa. Commonwealth Ct. 479, 342 A.2d 802 (1975). However, the court may not substitute its discretion for that of the Board. *Penn State Faculty Club Liquor License Case*, 33 Pa. Commonwealth Ct. 320, 381 A.2d 1017 (1978). Where, as here, the lower court makes findings different from the Board, these must be supported by substantial evidence to sustain the court's order. Further, where the findings by the court show that a license should be issued, the court may determine that refusal to grant the license was an abuse of discretion. As the court noted in *Bierman Liquor License Case*, 188 Pa. Superior Ct. 200, 145 A.2d 876 (1958), no exercise of discretion by the court is allowed. *Id.* at 204, 145 A.2d at 878. Where, however, the evidence clearly supports findings opposite to the Board's, the lower court is not exercising discretion in reversing the Board, but is finding as

a matter of law that a license should issue pursuant to Section 461(b), 47 P.S. §4-461(b)[2]

The burden on an applicant under Section 461(b) is to show 1) that the premises sought to be licensed are in a resort area and 2) there is actual need for the license in the area. *Aiello Liquor License Case*, 41 Pa. Commonwealth Ct. 345, 399 A.2d 154 (1979).

In the instant case the lower court, in a thorough and well-reasoned opinion, made extensive findings of fact, which we will summarize here.

The Applicant owns a three story colonial dwelling in Pennsbury Township that he wishes to use as a restaurant on two levels. The lower level would be a modified fast food restaurant designed to cater to tourists arriving by bus. The second floor would be a more formal restaurant serving fine food, but also able to accommodate large numbers of persons. The Applicant's property consists of approximately 5.14 acres and ample parking would be provided for buses. The record shows that the Applicant's establishment would be substantially larger than any facilities presently in the area.

---

[2] The Chester County Tavern Association has filed a brief amicus curiae, which argues that the lower court could not find an abuse of the Board's discretion because the record of the hearing before the Board was not introduced at the trial de novo. No authority is cited by the amicus brief for this contention.

We note that Section 464 does not require the record from the Board's hearing be reviewed by the lower court, but requires "a brief statement in the form of an opinion of the reasons for the ruling..." 47 P.S. §4-464. This opinion was attached to the Applicant's petition for review to the lower court.

Further, the Board made no effort to introduce the record and made no objection or post trial motion questioning the fact that it had not been introduced by the Applicant. Clearly the Board has waived this issue. Pa. R.A.P. 302.

Our use of "in the area" raises the most hotly contested issue of this case, i.e. whether Applicant's premises are located in a resort area.

The liquor Code does not define resort area, but there is substantial case law on this point. Basically, a resort area is characterized by the population increase in the geographical area surrounding the premises during certain seasons such that the usual number of liquor licenses within that geographical area is not adequate to serve the needs of the people. *Willowbrook Country Club, Inc. Liquor License Case,* 409 Pa. 370, 187 A.2d 154 (1962). Further, it must appear that the area's facilities are used primarily by the temporary transients or tourists and not by area residents. *Aiello, supra.*

The trial judge found from substantial evidence that Applicant's place of business and Pennsbury Township are located in what is known popularly and generally as "Brandywine Valley." Brandywine Valley is in Chester County and is within thirty miles of the city of Philadelphia. The record shows that more than one million persons visit the attractions in the Brandywine Valley annually. These attractions include Longwood Gardens, the Brandywine River Museum, the Brandywine Battlefield State Park, the Barnes-Brinton 1704 House, the Hillendale Museum, and the Chris Sanderson Museum, all of which are located within four miles of Applicant's premises. The Chadds Peak Ski Lodge is actually located in Pennsbury Township. Further, the Winterthur Museum, the Delaware Museum of Natural History and the Hagley Museum are within seven miles of the Applicant's premises. The evidence that the Brandywine Valley is a resort area is substantial. The question is whether that area or more particularly the attractions of that area are within the immediate as opposed to the general area of Applicant's premises. We are well

satisfied that the trial court conclusion that the Applicant's premises are located within a resort area is correct. In today's mobile society, a distance of four to seven miles is not so remote as to be excluded from the immediate area of Applicant's premises especially in view of a population influx of one million people.

There is also substantial evidence to support the lower court's finding that the new license is necessary.

The factors to be considered on the issue of necessity are the need of persons who will use the facility and the number and types of establishments already present in the area. Further, whether the clientele to be served is different from that served by the existing licensees. *Petition of Springdale District Sportmen's Association, supra.* The real question is whether the Applicant can add a service where and when the present licensee cannot. *Pennsylvania Liquor Control Board v. Struder,* 20 Pa. Commonwealth Ct. 494, 342 A.2d 807 (1975).

In the instant case, the Applicant proposes a facility to specialize in handling buses. The lower court aptly stated this consideration: "its facility will be able to accommodate 300 persons at one seating. There is clearly no facility in the entire area that even approaches such capacity or type of service."

The findings of the lower court are based on substantial evidence and support issuance of a license. The order of the lower court is, therefore, affirmed.

ORDER

AND NOW, this 23rd day of July, 1980, the order of the Court of Common Pleas of Chester County, dated September 24, 1979, is hereby affirmed.