In Re: Application of East Course, Inc., a Pennsylvania Corporation.

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.

Submitted on briefs, May 4, 1981, to Judges BLATT, CRAIG and MacPHAIL, sitting as a panel of three.

*J. Leonard Langan*, Assistant Attorney General, with him *James J. Fitzgerald, III*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for appellant.

*John R. Luke, Luke, Anthony & Fraas*, for appellee.

OPINION BY JUDGE CRAIG, June 17, 1981:

East Course, Inc. [ECI] applied for a restaurant liquor license for its premises in Plum Borough, Pennsylvania under the resort area provision of Section 461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-461(b). Without making any specific findings, the Pennsylvania Liquor Control Board (PLCB) denied the application, stating only, in conclusory fashion, that Plum Borough had not been established to be a resort area as that term has been defined.

ECI appealed to the Court of Common Pleas of Allegheny County. After taking additional evidence, the court made findings and reversed the PLCB.

According to the record, ECI operates an 18-hole golf course and a restaurant, both open to the public; the course handles about 35,000 rounds per season and accommodates 100 to 500 cross-country skiers per weekend in the winter, conditions permitting. Within five miles of ECI's premises is the Valley Heights Golf Course, another public course, and within two miles is the Oakmont Country Club Golf Course, widely known for its hosting of Professional Golf Association and United States Golf Association tournaments, as well as other statewide and regional tournaments. Activities at the club draw nearly 200,000 persons into the borough annually as participants or spectators.

Also in the borough, within five miles of the subject premises, is Allegheny County's Boyce Park, containing 1074 acres and offering a full complement of recreational activities including skiing, tennis, softball, picnicking, and swimming. From December to mid-March, 100,000 persons frequent the ski facility itself, and during June through August, 100,000 persons patronize the novel "wave pool" in the park.

Based on these findings, the court concluded that the PLCB had abused its discretion in determining that the premises were not in a resort area. The PLCB does not challenge the factual findings but contends that there was no abuse of discretion, even in view of the substantial influx of transient visitors to the borough, because the record reveals that no overnight accommodations are available in the borough and contains no evidence that the substantial patronage is not primarily by the area's own residents.

Indeed, we have found the unavailability of lodgings relevant in many cases because it reflected on whether the users of the proffered resort attractions and the applicant entity were or were not predominantly residents of the subject area. However, the

statute itself does not call for an overnight influx, and the cases have not held the presence or absence of lodging per se determinative. We see no need for such evidence if the record otherwise demonstrates that "the area's facilities are used primarily by the temporary transients or tourists and not by area residents." *In Re Appeal of Brandywine Valley Inn, Inc.*, 53 Pa. Commonwealth Ct. 203, 207, 417 A.2d 823, 826 (1980).

Here the evidence does indicate that patronage is not primarily by residents of the relevant area. The record reveals that the golf courses are regionally popular, particularly for league play, because of their proximity to each other and to neighboring counties and their accessibility by way of the turnpike and other arteries; the Boyce Park facilities, usage of which is not limited by any residency criteria, similarly enjoy that ready access. The substantial disparity between the borough's population of about 25,-000 and the above patronage figures gives rise to a strong inference that the bulk of the users reside outside the area and patronize the facilities as transients.

We therefore must agree with the trial court that the board abused its discretion in concluding that ECI had not shown the users of the resort attractions to be a transient population in the sense necessary to establish the vicinity to be a resort area.[1]

Accordingly, we affirm.

ORDER

AND Now, June 17, 1981, the November 16, 1979 order of the Court of Common Pleas of Allegheny County at No. SA 743-79, is affirmed.

---

[1] We note that the PLCB has not raised any question concerning the second criterion in these cases, *i.e.*, whether or not the requested license is necessary in relation to the pleasure, convenience and general welfare of the persons who would make use of the licensed facility. *See Application of Dorothy R. Hohl*, 20 Pa. Commonwealth Ct. 490, 342 A.2d 493 (1975).