Appeal of George Daras et al., t/a Crystal Springs Family Restaurant from refusal of application for restaurant liquor license by Pa. Liquor Control Board.

George Daras et al., t/a Crystal Springs Family Restaurant, Appellants.

Argued November 18, 1981, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Calvin Lieberman,* with him *John Elder, Calvin Lieberman & Associates,* for appellant.

*David Shotel,* Counsel, with him *James J. Fitzgerald,* Chief Counsel, for appellee.

OPINION BY JUDGE BLATT, March 26, 1982:

The appellants[1] seek review of a decision of the Court of Common Pleas of Berks County which upheld a denial by the Pennsylvania Liquor Control Board (Board) of their application for a liquor license.

The appellants sought a liquor license for their restaurant contending that the establishment was located in a resort area, but the Board denied the application finding that Lower Heidelberg Township (Township), where the restaurant was located, did not

---

[1] George Daras, Hippokrates Deligiannis and Dionisios Kotsakis t/a Crystal Springs Family Restaurant.

constitute a resort area and that there was no evidence of a necessity for another restaurant liquor license there as required by Section 461 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461. An appeal was taken to the court below which held a de novo hearing and made numerous findings of fact establishing, *inter alia,* that the Township has a permanent population of 2000 to 2500 people, that the Blue Marsh Lake and Recreational Park (Blue Marsh), which is located in the Township, offers a variety of recreational facilities such as boating, swimming, fishing and picknicking, that Blue Marsh has parking for 700 vehicles, that approximately 140,000 persons visited Blue Marsh between January and April of 1980, that Blue Marsh is located approximately four miles from the appellants' restaurant, that there is only one motel in the Township and it has 21 rooms, that during the summer, especially on weekends, there is an increase in traffic through the Township caused by people travelling to Blue Marsh, and that 75-80% of the visitors to Blue Marsh come from more than 10 miles away including from Maryland, New Jersey, New York and Delaware. The court concluded, however, that the judicially established definition of a resort area required a showing of a substantial, seasonal influx of *temporary inhabitants* and that the appellants' failure to establish that the visitors to Blue Marsh stayed overnight defeated their contention that a resort area existed. The lower court stated that, because it agreed with the Board that the appellants' restaurant was not in a resort area, the issue of whether or not there was a need for an additional license need not be reached. This appeal was then taken.

Where, as here, the court below has taken additional evidence and made its own findings of fact, our scope of review is limited to determining whether or

not there is substantial evidence in the record to support those findings and whether or not the trial court abused its discretion or committed an error of law. *Chiavaroli Liquor License Case,* 54 Pa. Commonwealth Ct. 588, 422 A.2d 1195 (1980); *Appeal of Brandywine Valley Inn, Inc.,* 53 Pa. Commonwealth Ct. 203, 417 A.2d 823 (1980). The burden was on the appellants here to establish that their premises was located in a resort area and that there was an actual need for another liquor license in that area. *Brandywine Valley Inn.*

Subsequent to the decision of the lower court in this case, this Court rendered its decision in *In Re Application of East Course, Inc.,* 60 Pa. Commonwealth Ct. 83, 430 A.2d 1029 (1981), in which we held that in establishing the existence of a resort area an applicant need not show that lodgings were available to accommodate the visitors to the area. We found that the presence of overnight facilities was relevant in determining whether or not the existing recreational opportunities were used primarily by transients or by local residents, but that the lack of such facilities was not determinative where other evidence established that the resort attractions brought in people from other areas. Inasmuch as the findings of the lower court in this case clearly demonstrate that a large number of people do come to Blue Marsh from outside the Township, *East Course, Inc.* requires us to conclude that we must now reverse the court below in its holding that the appellants' restaurant was not located in a resort area.

We must now, therefore, address the question as to the necessity for another restaurant liquor license in the Township. The factors to be considered in this inquiry are the needs of persons who will use the facility and the number and types of establishments already

present in the area. *Brandywine Valley Inn.* The court below, of course, did not specifically address this issue, but it has made sufficient findings to allow us to reach a conclusion as to whether or not the Board abused its discretion in finding no showing of necessity here.

Both the Board and the lower court found that the Township has a quota of one retail liquor license and that two restaurant liquor licenses are already counted against that quota. The court of common pleas, however, also found that the appellants' restaurant would be open seven days per week and would serve breakfasts, lunches and dinners while the other two establishments were only open at limited times and did not provide full service to the public nor serve breakfasts or hot meals. Based on these findings, we must conclude that the appellants' restaurant was intended to and would serve a clientele different from that of the other two licensed premises and that those other establishments are of a different nature and type than that of the appellants. We believe, therefore, that the Board abused its discretion in its holding that there was no necessity for another restaurant liquor license in the Township.

We will reverse the decision of the court below and order that the Board grant the application of the appellants for a liquor license.

ORDER

AND NOW this 26th day of March, 1982, the order of the Court of Common Pleas of Berks County in the above-captioned matter is reversed and it is ordered that the Pennsylvania Liquor Control Board shall approve the application of the appellants for a liquor license.

Judge PALLADINO did not participate in the decision in this case.