## Costantini v. Pennsylvania Liquor Control Board

*John C. Mohan*, for appellant.
*Richard L. Kelly*, for appellee.

PAPADAKOS, *A. J.*, July 21, 1982 — This is the appeal of Leonard R. Costantini, Jr., appellant, from the order of the Pennsylvania Liquor Control Board refusing appellant's application for a new restaurant liquor license for premises at Route 910, R. D. no. 3, in West Deer Township. Appellant filed an application with the board seeking a liquor license for a restaurant at the Rose Ridge Golf Course, an 18-hole public course located in West Deer Township, under Section 461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, as amended, 47 P.S. §4-461(b), the "resort area" exception.[1] The board held a hearing on the application on February 16, 1982 and, by its opinion and order dated April 12, 1982, refused to grant the license. It is from that decision that appellant timely filed this appeal on May 3, 1982.

A hearing was scheduled before this court on May 24, 1982 where the matter was submitted on the record produced before the board and the oral arguments of counsel for appellant and the board. The parties were also given the opportunity to file written memoranda of law in support of their positions.

Since no additional testimony was taken, the scope of review of the court is limited to a determination of whether or not the board's order was supported by sufficient evidence and whether or not the board abused its discretion or committed an error of law. (See Matter of Banks, 53 Pa. Commw. 1, 416 A.2d 631 (1980)); Kosciuski v. Pa. Liquor Control Board, 40 Pa. Commw. 407, 397 A.2d 493 (1979). However, the court may not substitute its discretion for that of the board. Penn State Faculty Club Liq-

---

1. Section 461(b) provides as follows:
"The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area." 47 P.S. §4-461(b).

uor License Case, 33 Pa. Commw. 320, 381 A.2d 1017 (1978). Where the evidence clearly supports findings opposite to the board's, this court is not exercising discretion in reversing the board, but is finding as a matter of law that a license should issue pursuant to Section 461(b), 47 P.S. §4-461(b). In Re: Brandywine Valley Inn, Inc., 53 Pa. Commw. 203, 417 A.2d 823 (1980).

In the instant case, the board made the following findings:

"(1) The quota for West Deer Township, Allegheny County, is five and there are 12 restaurant liquor licenses in effect counted against this quota. Accordingly, the quota is exceeded. There are also two hotel liquor licenses and seven club liquor licenses in effect which are not counted against the quota.

(2) The board is not satisfied that the establishment proposed to be licensed is located in a resort area.

(3) There is no evidence of necessity for an additional restaurant liquor license in West Deer Township, Allegheny County."

It is well settled that the burden on an applicant under Section 461(b) is to show 1) that the premises sought to be licensed are in a resort area and 2) there is actual need for the license in the area. Aiello Liquor License Case, 41 Pa. Commw. 345, 399 A.2d 154 (1979); In Re: Brandywine Valley Inn, Inc., supra; Appeal of Daras, 65 Pa. Commw. 456, 442 A.2d 859 (1982).

According to the record, appellant operates an 18-hole golf course, pro shop and restaurant, all open to the public; the course handles 30,000 rounds per season and accommodates cross-country skiers in the winter months. Inside a five-mile radius of the golf course are the following parks which provide access to tennis courts, racquetball, hunting, fish-

ing, swimming, cross-country skiing and ice skating:

    (1) Ford Park,
    (2) Deer Lakes Regional Park,
    (3) Hampton Township Park,
    (4) Lake Vue Ice Palace, and
    (5) Hartwood Acres.

Also within five miles of the subject premises are the following golf courses:

    (1) Pittsburgh North Golf Course,
    (2) Shady Brook Golf Course,
    (3) Woodlawn Golf Course,
    (4) Fox Chapel Country Club,
    (5) Pittsburgh Field Club, and
    (6) Wildwood Country Club.

Camp Deer Creek, a park designed for young campers, is also within five miles of the subject premises as are the Hampton Historical Society, Red Barns Arts Theater and Hartwood Acres Theater. These many activities, concentrated within a five mile radius of the subject premises, give strong evidence of the resort character of this area.

The liquor code does not define resort area, but there is substantial case law on this point. Basically, a resort area is characterized by the nonresident population increase in the geographical area surrounding the premises during certain seasons such that the usual number of licenses within the geographical area is not adequate to serve the needs of the people. Willowbrook Country Club, Inc. Liquor License Case, 409 Pa. 370, 187 A.2d 154 (1962). Further, it must appear that the area's facilities are used primarily by the temporary transients or tourists and not by area residents. Aiello, supra. The record contains no specific evidence as to the number of people who enter the general area to use the various facilities, but appellant did produce evi-

dence showing that 30,000 golfers played at the subject premises during the golf season and that 65 percent of those players are transient. This evidence is sufficient to show a seasonal influx of transients into the immediate environs of the property and would support a specific finding that the property is part of a resort area.[2] In Re: Brandywine Valley Inn, Inc., supra; Application of East Course, Inc., 60 Pa. Commw. 83, 430 A.2d 1029 (1981); Comm. Pa. Liquor Control Bd. v. Remley, 62 Pa. Commw. 477, 436 A.2d 1250 (1981).

The court's conclusion is strengthened by the additional fact that this property itself was used to establish the subject area as a resort area in Pa. Liquor Control Bd. v. James J. and Mildred Ferraco, SA 306 of 1975 (Opinion filed July 11, 1975). Accordingly, the board erred in not finding that the subject property was part of a resort area.

Having found the property to be part of a resort area, the court must address the question as to the necessity for another restaurant liquor license in the township. The factors to be considered in this inquiry are the needs of persons who will use the facility and the number and types of establishments already present in the area. Brandywine Valley Inn, Inc., supra. It is undisputed that the township has a quota of five and that 12 liquor licenses are already

---

2. The evidence clearly indicates that patronage to all the facilities, including the subject one, is primarily by nonresidents of the area. The golf courses are regionally popular, because of their proximity to each other and their accessibility by the various roads in the area. The many park facilities, similarly enjoy that ready access. The substantial disparity between the township's population of about 11,000 and the 30,000 patronage figures for this property alone gives rise to a strong inference that the bulk of the users reside outside the area and patronize the facilities as transients.

counted against this quota. But the evidence is clear that those licenses are not within the immediate area of the premises and not accessible to the users of the golf course, that the nearest licensee is two and one half miles from the premises and that the licensee caters to a predominantly male clientele of area residents. Appellant testified that his restaurant accommodates golfers who finish nine and 18 holes of golf, who enjoy a relaxing meal and who enjoy alcoholic beverages with their meals.

A review of this evidence can easily support a finding that appellant's restaurant with a liquor license would serve a clientele different from that of the other licensed premises and that those other establishments are of a different nature and type than that of appellant's. Appeal of Daras, supra. Accordingly, applicant has demonstrated that the area has an "actual need" for an additional license and the board erred in not so finding. Since the court finds that the findings of the board were erroneous concerning the resort area and the need for an additional license, no grounds remain to support the board's decision and its decision must be reversed.

Accordingly, the following order will be entered.

## ORDER OF COURT

And now, this July 21, 1982, it is hereby ordered, adjudged and decreed that the appeal of Leonard R. Costantini from the decision of the Pennsylvania Liquor Control Board be, and the same is hereby, granted and that the decision of the board be, and the same is hereby, reversed.

The board is further ordered to approve appellant's application for a liquor license.