Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Jimmy Paul's Inc., t/a Jimmy's Family Restaurant, Appellee.

Argued March 15, 1984, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Eileen S. Maunos*, Assistant Counsel, with her, *Felix Thau*, Assistant Counsel, and *Gary F. DiVito*, Chief Counsel, for appellant.

*Carmine V. Molinaro, Jr.*, with him, *Mary Ann Czajkowski, Molinaro Law Offices*, and *Gregory T. Nichols*, for appellee.

OPINION BY JUDGE CRAIG, May 8, 1984:

The Pennsylvania Liquor Control Board appeals an order of the Court of Common Pleas of Westmoreland County, which reversed the board's refusal of an application for a new restaurant liquor license and provisional Sunday sales permit filed by Jimmy Paul's, Inc., trading as Jimmy's Family Restaurant.

The court of common pleas heard the matter de novo under section 464 of the Liquor Code,[1] 47 P.S. §4-464. The trial court may not substitute its discretion for that of the board and may reverse only if the board has committed a clear abuse of discretion or when the court finds de novo facts varying from those found by the Board. *Darlene Bar, Inc. v. Pennsylvania Liquor Control Board,* 51 Pa. Commonwealth Ct. 274, 414 A.2d 721 (1980). In order to justify a substitution of discretion, the additional facts adduced before the court on appeal must vary significantly from those presented to the board. *Chiavaroli Appeal,* 54 Pa. Commonwealth Ct. 588, 422 A.2d 1195 (1980).

Our review of the record indicates that the additional evidence presented to the trial court did not vary significantly from that presented to the board, but was cumulative, with the same witnesses offering testimony quite similar to that presented to the board. Nevertheless, the trial court concluded that the board abused its discretion by finding that the applicant's premises were not located within a resort area, and ordered the board to issue the requested license. We must determine whether substantial evidence supports the trial court's findings, and whether the trial court abused its discretion or erred as a matter of law. *Daras Appeal,* 65 Pa. Commonwealth Ct. 456, 442 A.2d 859 (1982).

Jimmy's Restaurant is located in East Huntingdon Township, about one and one-quarter miles south of Mt. Pleasant in Westmoreland County. At the time of application, East Huntingdon had exceeded its statutory quota of four retail liquor licenses, with six restaurant licenses issued and counted against the quota. In addition, one hotel liquor license and one

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§1-101 to 9-902.

catering club license, which are not counted against the quota, were in effect.

Jimmy Paul's applied for its liquor license, arguing that it is located in a resort area and therefore falls within the resort area exception set forth at section 461 of the Liquor Code.[2]

We must interpret the resort area exception in light of the fact that the Liquor Code was enacted for the purpose of restraining, rather than promoting, the sale of liquor. *Penn State Faculty Club v. Pennsylvania Liquor Control Board,* 33 Pa. Commonwealth Ct. 320, 381 A.2d 1017 (1978).

In resort area cases, the applicant bears the burden of proving (1) that the proposed licensed property is located within a resort area, and (2) that there is an actual need for an additional licensed establishment in the area. *Application of El Rancho Grande, Inc.,* 496 Pa. 496, 437 A.2d 1150 (1981). In order to satisfy the first prong of that test, the applicant must prove that the area immediately surrounding the premises experiences a "seasonal influx of transients which causes the population of the area to swell so that existing licenses cannot adequately meet the needs of the area." *Springdale District Sportsmen's Association Appeal,* 20 Pa. Commonwealth Ct. 479, 485, 342 A.2d 802, 806 (1975).

Jimmy Paul's concedes that it had the burden of proving that East Huntingdon Township in particular, rather than Westmoreland County or the Laurel Highlands in general,[3] is a resort area. The restaurant ac-

---

[2] 47 P.S. §4-461(b), which provides in part:

The board shall have the power to increase the number of licenses in any . . . municipality which in the opinion of the board is located within a resort area.

[3] The Laurel Highlands area encompasses all of Westmoreland, Fayette and Somerset Counties, and the southern portion of Cambria County. *See Pennsylvania Liquor Control Board v. The New Greens-*

knowledges earlier decisions of this court limiting the distance recreational facilities can be from the applicant's premises without being considered too remote to bear upon the resort nature of the area in which the property is located. We have considered recreational facilities within four to seven miles of the applicant's premises close enough to be within the immediate area of applicants' premises, *Appeal of Brandywine Valley, Inc.,* 53 Pa. Commonwealth Ct. 203, 417 A.2d 823 (1980), but facilities fourteen to twenty-two miles away are too remote, *Penn State Faculty Club v. Pennsylvania Liquor Control Board,* 33 Pa. Commonwealth Ct. 320, 381 A.2d 1017 (1978). *See also Chukker Valley Golf Course v. Pennsylvania Liquor Control Board,* 20 Pa. Commonwealth Ct. 321, 341 A.2d 212 (1975) (attractions outside a thirty-mile radius of the premises are too distant to establish the existence of a resort area).

The basis for the trial court's reversal of the board is set forth in its Finding of Fact No. 12:

East Huntingdon Township is included within the Laurel Highlands resort area, and many visitors from out of state and in various parts of the state visit tourist attractions in East Huntingdon Township, located within several miles of the appellant's restaurant including the Scottdale Coke and Heritage Festival, various glass factory tours, the Westmoreland-Fayette Museum, the Fayette County Fair and various air shows, festivals, parks, and historic and entertainment facilities.

Our review of the record confirms that the associate director for the Laurel Highlands Tourist Pro-

*burg Aerie Fraternal Order of Eagles No. 3920, Inc.,* 82 Pa. Commonwealth Ct. 272, 476 A.2d 985 (1984), where we rejected the argument that the City of Greensburg is a resort area because it is situated within the Laurel Highlands.

motion Agency testified that the Scottdale Coal and Coke Heritage Festival, various glass factories and the Westmoreland-Fayette Museum are within several miles of the applicant's premises. However, the same witness testified that the air shows, festivals and parks, which the trial judge referred to in his findings, are within a twenty to thirty-mile radius of Jimmy's Restaurant. Under the judicial parameters set forth above, there is error, as a matter of law, in considering the latter attractions, which are too remote to be determinative of whether the area is a resort. County fairs are so common throughout Pennsylvania that we cannot consider them as a transient-drawing attraction qualifying the area as a resort.

As to the remaining attractions, the witness testified that the Coal and Coke Festival draws thirty thousand people annually, but she did not present any evidence regarding the number of people visiting the glass factories and the museum, nor did she distinguish between the number of transients and the number of locals who attend the recreational facilities. Therefore, the scant evidence that was presented lacked the specificity mandated by *Birchwood Center, Inc. Appeal,* 43 Pa. Commonwealth Ct. 517, 403 A.2d 155 (1979), where we required specific evidence as to the number and size of recreational facilities in and around the municipality involved, their proximity to the applicant's premises, the seasons during which the facilities are used, and the number of people using them.

The applicant no longer has the burden of proving affirmatively that there are adequate overnight accommodations in the area, *Pennsylvania Liquor Control Board v. Eastcourse, Inc.,* 60 Pa. Commonwealth Ct. 83, 430 A.2d 1029 (1981). However, testimony such as that given here by the associate director of the tour-

ism agency, that "[t]here really is scarcity of overnight accommodations in the area," is relevant to the resort area determination, particularly in the absence of other evidence demonstrating that the area's facilities are used primarily by temporary transients rather than local residents. *Daras Appeal,* 65 Pa. Commonwealth Ct. 456, 442 A.2d 859 (1982).

Jimmy Paul's also introduced evidence that East Huntingdon Township is located at the hub of a network of heavily traveled roadways which lead tourists to the many recreational facilities throughout the Laurel Highlands, and that busloads of people touring the area occasionally stop to dine at Jimmy's Restaurant. Although that may be relevant to establish that East Huntingdon needs a licensed restaurant, it is not sufficient to establish that the restaurant is located in a resort area. This court addressed a factually similar case in *Aiello v. Pennsylvania Liquor Control Board,* 41 Pa. Commonwealth Ct. 345, 399 A.2d 154 (1979), where we stated:

[T]he demonstrated need for an additional liquor license is properly attributed to the fact that [the applicant's] property is located on the most heavily traveled north-south thruway in Elk County carrying tourists to and from other resort areas and not due to a seasonal influx of transients to a resort area.

*Id.* at 349-50, 399 A.2d at 155-56.

We conclude that there is not substantial evidence to support the trial court's finding that Jimmy's Restaurant in East Huntingdon Township is "located within a resort area" under section 461 of the Pennsylvania Liquor Code. Because that conclusion is dispositive of the case, we do not reach the necessity issue also raised on this appeal.

Accordingly, we reverse.

ORDER

Now, May 8, 1984, the order of the Court of Common Pleas of Westmoreland County at No. 35 Civil 1982, dated February 17, 1983, is reversed, and the order of the Pennsylvania Liquor Control Board, dated February 22, 1982, refusing the application for a new restaurant liquor license and provisional Sunday sales permit by Jimmy Paul's, Inc. is reinstated.