529 A.2d 39

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Lewis H. Ripley, Jr., and Jeannette Hessler Ripley, Appellees.

Argued May 18, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, with her, *Ken Skelly,* Chief Counsel, for appellant.

*Robert Davis Gleason, Gleason, DiFrancesco, Shahade and Markovitz,* for appellee.

OPINION BY JUDGE MACPHAIL, July 16, 1987:

The Pennsylvania Liquor Control Board (Board) has appealed from an order of the Court of Common Pleas of Cambria County which reversed the Board's denial of an application for a new restaurant liquor license filed by Lewis H. Ripley, Jr. and Jeannette Hessler Ripley (Applicants).

Applicants seek a liquor license under the resort area exception of the Liquor Code[1] for a restaurant they plan to operate as part of a "bed and breakfast" country inn located in the Borough of Ebensburg. There are no protestants to the application. A hearing examiner for the Board conducted an evidentiary hearing on November 14, 1985 following which he issued a detailed report recommending that the application be granted subject to certain conditions regarding the proposed operation of a bakery and antique/gift shop on the premises. The Board, in a brief adjudication, rejected this recommendation and denied the application based on the following findings:

> 1. The quota for Ebensburg, Cambria County is 2 and there are 7 restaurant liquor licenses in effect counted against this quota. Accordingly, the quota is exceeded. There are also 2 hotel liquor licenses, 2 club liquor

---

[1] Section 461(b) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b) provides as follows:
> The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area.

licenses and 1 catering club liquor license in effect which are not counted against the quota.

2.   The Board is not satisfied that the establishment proposed to be licensed is located in a resort area.

3.   There is no necessity for an additional restaurant liquor license in Ebensburg, Cambria County.

4.   The proposed licensed premises are located within 300 feet of the United Church of Christ.

5.   The proposed licensed premises have interior connections with other businesses conducted by the applicants.

On appeal, the court of common pleas held a *de novo* hearing and entered a detailed adjudication in which it reversed the Board's decision and ordered that the license be granted.

On appeal to this Court, the Board seeks reinstatement of each of the bases for its original denial of the liquor license application. Since the trial court conducted its own evidentiary hearing, our scope of review is to determine whether there is substantial evidence to support the court's fact findings and whether the court committed legal error or abused its discretion. *Pennsylvania Liquor Control Board v. Spring Gulch,* 87 Pa. Commonwealth Ct. 395, 487 A.2d 472 (1985). Further complicating our review, however, is the fact that the trial court may not simply substitute its discretion for that of the Board. Rather, the Board may be reversed only when it has committed a clear abuse of discretion or where new facts varying from those accepted by the Board are found by the trial court. *Byer Liquor License Case,* 73 Pa. Commonwealth Ct. 336, 457 A.2d 1344 (1983).

We will first address the issue of whether the Applicants' facility is located within three hundred feet of a church so as to invoke the following provisions of Section 404 of the Liquor Code, 47 P.S. §4-404:

> [I]n the case of any new license . . . the board may, in its discretion, grant or refuse such new license . . . if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school, or public playground. . . .

At the Board hearing, a Pennsylvania Liquor Control enforcement officer testified that the Applicants' premises is within three hundred feet of a United Church of Christ. At the *de novo* hearing before the trial court, however, it was revealed that while the *property* line of a vacant lot adjoining and owned by the Church is within three hundred feet of Applicants' premises, the actual Church *building* is beyond the three hundred-foot restriction.

In determining points of measurement for purposes of Section 404 of the Liquor Code, the following regulation is applicable:

> For the purpose of establishing uniform points of measurement, the following shall apply:
> (1) *The part of the church*, hospital, charitable institution, school or public playground *(and/or the adjoining ground used in connection therewith)* . . . nearest to the place proposed to be licensed.

40 Pa. Code §3.23(a)(1) (emphasis added). This provision has been interpreted as requiring that the property line of the institution be used as the reference point, rather than the building itself, where *all* of the adjoining ground is used in connection with the institution. *Amminiti Appeal*, 32 Pa. Commonwealth Ct. 13, 377 A.2d 1042 (1977). In *Amminiti*, it was clear that all of

the land adjoining a nursing home was used for activities conducted at the home. Thus, the fact that the nearest building was 1,100 feet from the premises proposed to be licensed was not dispositive.

In the instant case, we note preliminarily that the minister of the United Church of Christ testified that his congregation was not opposed to the granting of a liquor license to Applicants. He also stated that the vacant land adjoining the Church, which used to house a parsonage, "is simply a lawn now."[2] There is no evidence that the plot of ground is used in connection with any Church activities. We, therefore, affirm the conclusion of the trial court that the pertinent reference point in this case is the Church building itself, which is beyond the three hundred foot restriction.[3] Thus, the location of the Church cannot properly provide the basis for a denial of Applicants' license.

We turn next to the issue of whether the Borough of Ebensburg constitutes a "resort area" as that term has been judicially interpreted. The Board, without rendering supportive fact findings, concluded that the Borough is not a resort area. The trial court reached a contrary conclusion based on facts adduced at the *de novo* hearing and before the Board.

In order for the resort area exception to be applicable, the applicant bears the two-fold burden of proving that (1) the premises proposed to be licensed are located within a resort area, and (2) there is a need for an additional license within that area. *Pennsylvania Liquor Control Board v. New Greensburg Aerie Fraternal Order of Eagles*, 82 Pa. Commonwealth Ct. 272, 476 A.2d

---

[2] Notes of Testimony (N.T.) from March 25, 1986 at 25, Reproduced Record (R.R.) at 32a.

[3] The determination of reference points from which to measure the distance between a restrictive institution and a proposed licensed premises is one of law rather than discretion. *Amminiti*.

985 (1984). Though the term "resort area" is not statutorily defined, it has been construed to require "a seasonal influx of transients which causes the population of the area to swell so that existing licensees cannot adequately meet the needs of the area." *Petition of Springdale Sportsmen's Ass'n,* 20 Pa. Commonwealth Ct. 479, 485, 342 A.2d 802, 806 (1975). The evidence adduced must be specific as to the number of tourists, as opposed to area residents, using recreational facilities in and around the municipality. *Petition of Springdale.*

Furthermore, the recreational facilities involved must be sufficiently close to the premises proposed to be licensed to be viewed as being within the immediate area of the premises. *Pennsylvania Liquor Control Board v. Jimmy Paul's, Inc.,* 82 Pa. Commonwealth Ct. 280, 475 A.2d 914 (1984). Though specific geographical limitations have not been set regarding the consideration of area recreational facilities, we have recently noted that facilities within eight miles of an applicant's premises are not too distant to reflect on the resort character of a municipality. *Spring Gulch; see also Appeal of Brandywine Valley Inn, Inc.,* 53 Pa. Commonwealth Ct. 203, 417 A.2d 823 (1980) (four to seven miles is not too distant); *Willowbrook Country Club, Inc. Liquor License Case,* 198 Pa. Superior Ct. 242, 181 A.2d 698, *aff'd,* 409 Pa. 370, 187 A.2d 154 (1962) (attractions between four and fifteen miles considered); *but see Penn State Faculty Club Liquor License Case,* 33 Pa. Commonwealth Ct. 320, 381 A.2d 1017 (1978) (recreational facilities fourteen to twenty-two miles away are too remote).

The evidence in the instant case reveals numerous tourist attractions within a ten-mile radius of Applicants' premises. The attractions include the South Fork Dam (site of the Johnstown Flood National Memorial), Duman Lake, Seldom Seen Valley Mine, Gardens of

Loretto, St. Francis College, Lemon House (a National Historic Site), Forest Zoo and Safari Land, Robert Perry Monument and Schwab Estates. Although attendance records were not produced for each of these attractions, the South Fork Dam and Lemon House jointly have 120,000 annual visitors. A local golf course owner testified that 80% of his clientele were from outside the Ebensburg area. Though of lesser persuasive interest given its fourteen mile distance from Applicants' premises, we also note that Prince Gallitzin State Park attracts approximately one million visitors per year and has previously been declared by this Court to constitute a resort area. *Ott Appeal,* 72 Pa. Commonwealth Ct. 637, 457 A.2d 205 (1983). A National Park Service superintendent, Randall Cooley, testified as an expert in the area of local tourism that Ebensburg Borough is located within a small resort area which brings in approximately four to five million dollars in revenues for the county each year.[4] We think the evidence presented demonstrates that Ebensburg Borough is a resort area as that term is defined in the case law.[5]

Applicants also have the burden of proving that a need for an additional liquor license exists in the area. In establishing necessity, the basic inquiry is whether the applicant can add a service not provided by existing licensees. Consideration must be given to the need of those who will use the facility, the types of establishments which are present in the area and whether the Applicants' clientele would differ from that served by existing licensees. *Brandywine Valley Inn.*

---

[4] N.T. at 24, R.R. at 59a.

[5] Where the evidence clearly supports findings opposite to the Board's, the trial court is not exercising discretion in reversing the Board, but rather, is concluding as a matter of law that the Board erred. *Brandywine Valley Inn.*

The uncontradicted evidence in this case clearly establishes a need for an additional liquor license in the Borough. Applicants plan to establish a restaurant in their country inn featuring "fine dining." The Executive Director for the North Cambria County Chamber of Commerce testified that he has received requests from tour groups on a weekly basis for such an establishment, but that none currently exists in the Borough.[6] Mr. Cooley similarly testified regarding tourists' requests for a licensed restaurant like that contemplated by Applicants.[7] The record reflects that the other licensees in the Borough include several taverns offering limited menus, two dancing spots catering to young adults and a Pizza Hut. We conclude that the record clearly supports the trial court's conclusion that a need for Applicants' liquor license has been established.

The final issue relates to Applicants' proposal to operate a bakery and antique/gift shop in conjunction with the country inn. Pertinent regulations provide as follows:

> Licensed premises may not have an inside passage or communication to or with any business conducted by the licensee or other persons except as approved by the Board.

40 Pa. Code §3.52(b). Applicants contend that the antique/gift shop and bakery are, in fact, components of their single business. We are cognizant, however, of the deference which must be paid to the Board's interpretation of its own regulations. *Orner v. Department of Public Welfare,* 44 Pa. Commonwealth Ct. 635, 404 A.2d 452 (1979). We believe it was reasonable for the Board to conclude that the bakery and antique shop constitute businesses separate from the restaurant

---

[6] N.T. at 37-38, R.R. at 72a-73a.

[7] N.T. at 23-24, R.R. at 58a-59a.

which is proposed to be licensed. As such, the Board could properly withhold licensing so long as an interior passage connects the businesses. The trial court, therefore, erred in substituting its discretion for that of the Board on this point.

Since Applicants testified that they would be willing, if required, to close any interior passages connecting the bakery and antique/gift shop with the licensed restaurant, we will order that the liquor license be granted subject to that condition as may be further specified by the Board.

### ORDER

The order of the Court of Common Pleas of Cambria County in the above-captioned matter is hereby affirmed subject to the condition that any interior passages between the licensed restaurant and the proposed bakery and antique/gift shop be closed as may be further specified by the Board.