537 A.2d 100

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Robert D. and Annice V. Backer, Appellees.

Argued November 20, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, for appellant.

*Deborah K. Hoff,* for appellees.

OPINION BY SENIOR JUDGE KALISH, February 10, 1988:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Franklin County reversing the Board which had refused the application of Robert D. and Annice V. Backer, owners of Blondie's Restaurant (applicants) for a new restaurant liquor license. We reverse the common pleas court and reinstate the order of the Board.

An application for a new restaurant liquor license and amusement permit was filed by the applicants on May 22, 1985, for premises located in Washington Township, Franklin County. After a hearing held on October 31, 1985, the Board made the following findings of fact:

1. The quota for Washington Township, Franklin County, is 4 and there are 4 restaurant liquor licenses and 1 retail dispenser eating place license in effect counted against this quota. Accordingly, the quota is exceeded. There are also 1 hotel liquor license, 1 club liquor license and 2 catering club liquor licenses in effect which are not counted against this quota.

2. While it is conceded that the applicants' premises are located in a resort area, there is no evidence of necessity for an additional restaurant liquor license in Washington Township, Franklin County.

On appeal, the trial court concluded that a necessity did exist for applicants' liquor license in this resort area and ordered that a new restaurant liquor license be issued.

Section 461(b) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §461(b), provides, "The board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area."

The issuance of an additional license in a resort area is warranted only upon a showing that "there is an actual need, and that the license holders already in business are not adequately equipped to supply the need of those frequenting the area." *Willowbrook Country Club, Inc. Liquor License Case*, 409 Pa. 370, 374, 187 A.2d 154, 156 (1962).

The applicants contend that there is a substantial need for them to have a liquor license because their clientele is different from those served by existing licensees (*i.e.*, sports buffs, campers, patrons located at the bottom of the mountain) and they provide services which current licensees do not (*i.e.*, expanded hours, sports atmosphere, more casual food). The trial court held that these differences were sufficient to order the granting of a new restaurant liquor license and amusement permit to the applicants. We disagree.

Our scope of review, where the common pleas court has heard the matter de novo, is limited to determining whether substantial evidence exists to support the common pleas court's findings and whether or not that court

abused its discretion or committed an error of law. *Appeal of Daras,* 65 Pa. Commonwealth Ct. 456, 442 A.2d 859 (1982).

The purpose of enacting liquor regulation legislation has always been to restrain and discourage the sale of liquor, not promote it. *Bierman v. Pennsylvania Liquor Control Board,* 188 Pa. Superior Ct. 200, 145 A.2d 876 (1958). "Thus, the resort area exception to the quota rule of the Code must be interpreted in light of that purpose." *Pennsylvania Liquor Control Board v. Bankovich,* 94 Pa. Commonwealth Ct. 93, 96, 502 A.2d 794, 796 (1986). The applicants must prove a need for the liquor license and under the resort exception to the quota system, they must also link this need to the facility's use primarily by temporary transients or tourists and not by area residents. Mere neighborhood convenience is not enough to prove the need for a liquor license under the resort area exception. *Pennsylvania Liquor Control Board v. Klein,* 101 Pa. Commonwealth Ct. 528, 516 A.2d 1324 (1986). However, Mr. Backer testified that he is trying to attract the residents of the community to his restaurant as well as those other people who come through the area, too. He said that he expects a growth of population in the Washington Township area and he therefore thinks there is a need for an additional liquor license.

The applicants have not proven that they should be granted a new restaurant liquor license under the resort area exception because they have not shown that the area's facilities are used primarily by the temporary transients or tourists and not by area residents.

Upon review of the record, we find that the trial court's findings were not supported by substantial evidence. Accordingly, we reverse the order of the trial court and reinstate the order of the Board.

## ORDER

NOW, February 10, 1988, the order of the Court of Common Pleas of Franklin County, at Volume Y, page 560 Misc. Docket, dated June 12, 1986, is reversed, and the order of the Pennsylvania Liquor Control Board is reinstated.

Judge PALLADINO concurs in the result only.