**In re Application of ASPREY, INC. for a Restaurant Liquor License.**

**Appeal of HIRAMREST CORPORATION, Petitioner.**

**In re Application of ASPREY, INC. for a Restaurant Liquor License.**

**Appeal of Arthur GARRIS, Jr. and Shirley Garris d/b/a Garris Log Cabin Restaurant, Petitioners.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 1997.

Decided April 23, 1997.

Gregory H. Chelak, Milford, for petitioners.

Jill L. Urey, Assistant Counsel, Harrisburg, for respondent.

Richard M. Goldberg, Wilkes–Barre, for intervenor, Asprey, Inc.

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issues before this Court require us to 1) determine what a new restaurant liquor license applicant, under the resort exception to the retail liquor license quota, must prove to determine the requisite need; and 2) determine whether the Pennsylvania Liquor Control Board (Board) abused its discretion in granting a new restaurant liquor license when the applicant failed to post its notice continuously from the date of application to the date of the Board's decision and in refusing to grant intervention to certain parties.

Hiramrest Corporation (Hiramrest) and Arthur and Shirley Garris, d/b/a Garris Log Cabin Restaurant (Garrises) (collectively, Appellants) appeal from the orders of the Board which granted Asprey, Inc. (Asprey) an application for a new restaurant liquor license for a business known as Abby's General Store on Route 209, Lehman Township, Pike County (proposed premise). We affirm.

Asprey filed for a new restaurant liquor license under the resort exception to the retail liquor license quota. The proposed premise is located in the Delaware Watergap National Recreation Area which has an excess of 2,000,000 visitors a year. Between June 2 and June 7, 1995, Robert F. Kline, the Board's licensing analyst/investigator, as-

signed to conduct an investigation of Asprey's application, observed that the required notice of application for a liquor license was improperly posted inside the proposed premise. Mr. Kline advised Asprey to correctly post the notice inside the window of the proposed premise facing the highway. As of June 7, 1995, Asprey complied.

On June 30, 1995, Hiramrest filed a petition to intervene in a timely manner, i.e, within thirty days of the June 7th date of the proper posting of Asprey's notice of application. The Board accepted Hiramrest's petition to intervene pursuant to 40 Pa.Code § 17.12(b).[1]

By letter dated January 11, 1996, the Bureau of Licensing notified Hiramrest and Asprey that an administrative hearing would be held before a Board hearing examiner on the application with respect to the following objections:

1. The quota for Lehman Township, Pike County is 1 and there are 4 restaurant liquor licenses in effect counted against the quota. Accordingly, the quota is exceeded.

2. The Board shall take evidence to determine whether there is a necessity for an additional restaurant liquor license in Lehman Township, Pike County.

3. The Board shall take evidence to determine why it should permit an interior connection to another business pursuant to Section 3.52(b) of Title 40, Pennsylvania Code.

4. The Board shall take evidence to determine why it should permit the sale of propane gas from the general store, which has an interior connection to the proposed licensed business, pursuant to Section 404 of the Liquor Code.

5. The Board shall take evidence that the approval of this application will not adversely affect the health, welfare, peace and morals of the neighborhood within a radius of 500 feet of the proposed licensed establishment.

6. A petition to intervene has been filed by an area licensee.

(4a–5a.)

At the hearing, the Board presented the testimony of Mr. Kline, and Thomas Shepstone, a planning consultant hired by Asprey. Based on his investigation, Mr. Kline testified that the proposed establishment would be located next to a general store, owned and operated by Asprey. Within the general store is a delicatessen area and twenty-six vendors of antiques and crafts. Mr. Shepstone, the planning consultant, testified to a resort area study which demonstrated the high growth rate for Lehman Township and Pike County. Mr. Shepstone also testified the proposed licensed premise, located in an historical building, would feature an inexpensive menu of cold sandwiches, available for take out.

Hiramrest presented the testimony of John F. Petrizzo, vice-president and manager of Hiramrest,[2] and Richard Torrez, Hiramrest's public accountant. Mr. Petrizzo, whose establishment is located approximately one-mile from the proposed premise, is located in Middle Smithfield Township, Monroe County. Mr. Petrizzo testified that Hiramrest's business was good until 1990, and then began to decline, he believed, because of the granting of other liquor licenses in the area over the past five years. Mr. Torrez also testified to Hiramrest's decreased revenues.

At the Board hearing, Arthur Garris, Jr., orally requested permission to testify in opposition to Asprey's application, which the hearing examiner denied.

Several days later, Garrises again requested permission to intervene, alleging that the Association's letter had been submitted on their behalf and thus, they should be considered to have timely intervened. Also, in Garrises' request, they alleged that Asprey had removed its notice of application from the proposed premise prior to the Board hearing. However, the Board again denied

---

1. On July 24, 1995, the Board received a letter of protest from the Pike County Licensed Beverage Association (Association). Although outside the thirty-day appeal period, the Board granted the Association an additional ten days in which to file a petition to intervene. The Association did not respond to the Board's letter and never filed a petition to intervene.

2. Hiramrest's restaurant is known as Petrizzo's Italian/American Restaurant.

Garrises' request because they failed to show good cause for their failure to intervene within the thirty-day period.

Based upon the evidence presented at the hearing, the examiner filed a report with the Board recommending that Asprey's application be granted. The Board accepted the hearing examiner's recommendation and granted Asprey a new restaurant liquor license and provisional Sunday sales permit.[3]

On appeal to this Court,[4] Hiramrest and Garrises argue that the Board abused its discretion in: 1) granting Asprey a new restaurant liquor license because Asprey did not show need for such license; 2) granting the license where Asprey failed to properly post its notice of application; and 3) in refusing to permit Garrises to intervene in the proceedings before the hearing examiner.

### EVIDENCE OF NEED

Asprey filed its application for a new restaurant liquor license on a plea that the location of the proposed premise in Lehman Township, Pike County, is located in a resort area. The "resort area exception" to the retail liquor license quota grants the Board the discretionary power to issue licenses in excess of the quota, if the premises sought to be licensed are located in a resort area.[5] Section 461(b) of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4-461(b).

In a new resort area case, the license applicant bears the burden of proving that: 1) the proposed license premises is located within a resort area; and 2) a need exists for an additional license without that area. *Pennsylvania Liquor Control Board v. Ripley*, 107 Pa.Cmwlth. 425, 529 A.2d 39 (1987). Because Lehman Township had previously been determined to be a resort area by the Board, Asprey only had the burden of proving need.

In establishing the necessity for the grant of an additional license, the license applicant must show a "substantial need in relation to the pleasure, convenience and general welfare of the persons who would make use of the facility." *Janes v. Pennsylvania Liquor Control Board*, 43 Pa.Cmwlth. 165, 402 A.2d 1093, 1095 (1979). In assessing actual necessity, we consider: 1) the needs of the persons who will use the facility; 2) the number and types of existing establishments in the area; and 3) whether the persons to be served differ from those served by existing licensees. *Pennsylvania Liquor Control Board v. Spring Gulch, Inc.*, 87 Pa.Cmwlth. 395, 487 A.2d 472 (1985). Thus, the question which must be determined is whether an applicant will provide a service which existing licensees cannot. *Appeal of Brandywine Valley Inn, Inc.*, 53 Pa.Cmwlth. 203, 417 A.2d 823 (1980). Neighborhood convenience alone does not equal actual necessity for purposes of obtaining a liquor license. *Pennsylvania Liquor Control Board v. Klein*, 101 Pa.Cmwlth. 528, 516 A.2d 1324 (1986). An applicant must show that the current licensees cannot meet the need caused by the influx of transients in such resort areas. *Pennsylvania Liquor Control Board*, 82 Pa.Cmwlth. 142, 474 A.2d 738 (1984).

Appellants assert that Asprey failed to meet its burden of proving the need exists for an additional restaurant liquor license in Lehman Township based upon the fact that Hiramrest's revenues had declined over the past five years and because numerous other licensees existed in the area. However, the Board did not agree and held that Asprey met its burden by showing the unique nature of its operation by serving a substantially different menu than any of the other licensees in Lehman Township or the surrounding area. The Board noted the take-out nature

---

3. Hiramrest and Garrises filed respective appeals with the Court of Common Pleas of Pike County. The Board, in conjunction with Asprey, filed a motion to quash the appeals. The case was then transferred to this Court for review.

4. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether

necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

5. Lehman Township has a quota of one retail liquor license and there were four restaurant liquor licenses counted against its quota as of the Board hearing (6a).

of Asprey's proposed operation, with respect to its entire menu and the takeout beer, is not similar to any other operation in the area. In fact, no testimony was received regarding the availability of takeout beer at any other licensed premise.

■ Appellants also challenge the evidence presented by Asprey, regarding the seasonal influx of population in the area and in fact, assert that the population figures are irrelevant when determining whether the area is a resort, not an issue here. We do not agree.

In *Pennsylvania Liquor Control Board v. Backer*, 113 Pa.Cmwlth. 373, 537 A.2d 100 (1988), we held that the applicant must demonstrate the need for an additional licensed facility as used primarily by transients or tourists. In a case where the township is already designated a resort area, no other way exists for the Board to determine if current licensees can meet the needs of the seasonal population unless it is aware of population numbers.

Thus, we hold that in reviewing the record and the law governing resort area licenses, the Board properly concluded that Asprey had met its burden of proof by showing a substantial seasonal influx in the population of the area. Because Asprey proposes to be open on a year-round basis and is conveniently located for all visitors and vacationers to the area, and because the premise's menu of light sandwiches and its location in a historic building make it unique, the Board properly held that the proposed license facility was a necessity to the area.

### POSTING OF NOTICE OF APPLICATION

■ Next, Appellants argue that the Board abused its discretion in granting the new restaurant liquor license to Asprey because it failed to properly post its notice of application.

6. Section 403(g) of the Liquor Code states:
Every applicant for a new license or for the transfer of an existing license shall post, for a period of at least fifteen days beginning with the day the application is filed with the Board, in a conspicuous place on the outside of the

Section 312 of the Board's regulation indicates that "[t]he purpose of notice posting is to identify to the public that an application has been filed with the Board for a new alcoholic beverage license." 40 Pa.Code § 312(a).[6] Section 314 of the Board's regulations further indicate that "[a]n application *may* be refused by the Board if notice is not posted as required." (Emphasis added.) 40 Pa.Code § 3.14(d).

The Board's investigator, Mr. Kline, testified that notice of the application was properly posted as of June 7, 1995. Asprey admitted that the notice was removed prior to the administrative hearing scheduled at the end of January 1996, but that it was again posted beginning March 5, 1996. (250a.) Garrises allege that if they would have been allowed to testify at the hearing, they could have shown that the notice had been removed for at least six weeks prior to the January 25, 1996 hearing. However, this argument is not persuasive because even if notice was removed six weeks prior to the January hearing date, the notice would still have been posted properly for over six months before the hearing. Moreover, the proposed premise was properly posted well in excess of thirty days from the June 7, 1995 initial posting date. This thirty-day period is most important because it is during this period that a petition to intervene or protest must be filed with the Board by parties concerned about the license application. Because Asprey's premise was posted during this crucial thirty-day period and for the majority of the time from the filing of the application to the Board's decision, we cannot hold that the Board abused its discretion in granting Asprey a new liquor license.

### INTERVENTION BY GARRISES

■ Lastly, Garrises argue that because the proposed premise was not continually posted, this affected their ability to intervene or protest in a timely manner. Garrises did not file a petition to intervene/letter of pro-

premises or at the proposed new location for which the license is applied, or notice of such application, in such form, of such size, and containing such provisions as the Board may require by its regulations.
47 P.S. § 4–403(g).

test until February 5, 1996, almost eight months after the time the notice of application was originally posted at the proposed premise. Garrises never addressed the reason why they did not file something within thirty days of the posting, and thus, the Board did not find Garrises demonstrated good cause to grant an untimely request to intervene.

Section 1713(b) of the Board's regulations requires that a protest or petition to intervene be filed within thirty days of posting of the notice of application, and that the Board may accept an untimely filed protest or petition to intervene upon good cause shown. 40 Pa.Code § 1713(b). Since the proposed premise was properly posted as of June 7, 1995, any intervenor could have timely filed a petition until July 7, 1995. Hiramrest filed such timely petition,[7] Garisses did not. Nor did Garrises demonstrate good cause for failing to do so. Therefore, we hold that the Board did not abuse its discretion in denying Garrises' request to intervene.

Accordingly, we affirm.

## ORDER

AND NOW, this 23rd day of April, 1997, the orders of the Pennsylvania Liquor Control Board in the above-captioned matters are hereby affirmed.

---

7. Garrises assert that had they been allowed to intervene they could have raised serious concerns about Asprey's ability to meet the parking and sewage requirements of Lehman Township. However, except for health certificates, not complying with municipality requirements is not a reason for a Board to refuse a liquor license. See Arrington v. Pennsylvania Liquor Control Board, 667 A.2d 439 (Pa.Cmwlth.1995).