**RISING SUN ENTERTAINMENT, INC., t/a Purple Orchid II, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Bureau of Liquor Control Enforcement.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 2, 2003.
Decided July 17, 2003.

Tristram P. Heinz, Philadelphia, for appellant.

Edward B. McHugh, Philadelphia, for appellee.

Before COLINS, President Judge, LEADBETTER, J., and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Rising Sun Entertainment, Inc., t/a Purple Orchid II (Purple Orchid) appeals from the order of the Court of Common Pleas of Philadelphia County that affirmed the decision of an administrative law judge that found that the Purple Orchid had permitted lewd, immoral or improper entertainment on its premises in violation of Section 493(10) of the Liquor Code[1], 47 P.S. § 4-493(10). We affirm the trial court.

The Purple Orchid, a bar, restaurant, and cabaret located at 3275 South 61st St. in the City of Philadelphia, was visited on three occasions between January and March 2001 by undercover officers of the Pennsylvania State Police acting in the capacity of agents for the Bureau of Liquor Control Enforcement (LCE). On all three occasions the officers observed females dance on a stage behind the bar. As they danced, the women removed their tops to reveal their breasts. After dancing the women replaced their tops and came

---

1. Act of April 12, 1951, P.L. 90, *as amended.* Section 4–493(10) provides, in pertinent part,
 **§ 4–493. Unlawful acts relative to liquor, malt and brewed beverages and licensees**
 It shall be unlawful-
 (10) for any licensee, under any circumstances, to permit in any licensed premises or in any place operated in connection therewith any lewd, immoral or improper entertainment, regardless of whether a permit to provide entertainment has been obtained or not.

from behind the bar to solicit tips. The women invited the officers and other patrons to tip them by placing dollar bills between their breasts as they squeezed them around a patron's hand and or by placing a dollar bill inside their g-strings when they pulled it away from their bodies to reveal their pubic areas. On one occasion a dancer sat on the lap of one officer and moved her hips back and forth simulating sexual intercourse. The officer issued a summons to the operator of the Purple Orchid for a violation of Section 493(10) of the Liquor Code. The Purple Orchid challenged the citation at a hearing before an administrative law judge. In addition to the testimony of the undercover state policeman that elicited the facts stated above, the LCE presented the testimony of an undercover Philadelphia Police Officer who visited the Purple Orchid on three occasions between December 2000 and March 2001. The officer observed the same behavior described by the LCE agent, and both officers said that the women they observed did not appear to have any covering on their breasts, including liquid latex. The administrative law judge upheld the citation, and the decision was affirmed by the Liquor Control Board. The Purple Orchid appealed to the Court of Common Pleas of Philadelphia County. The trial court, relying on the record from the administrative hearing as the LCE's case in chief and testimony from witnesses called by the Purple Orchid, affirmed the citation. This appeal followed.

The Purple Orchid articulated seven questions for our determination in its Statement of the Questions Involved and then, in the body of its brief began by telling us that, "[t]he Questions on Appeal in this matter can be broken down into four primary parts...." (Appellant's brief, p. 7) We will address these "four primary parts" and not the seven questions because the Purple Orchid's argument in its brief is arranged around those four parts. The questions we find that have been presented for our determination are 1) whether Section 493(10) of the Liquor Code is an unconstitutional infringement on the right of free expression guaranteed by Article 1, Section 7 of the Pennsylvania Constitution; 2) whether the creation of the Bureau of Liquor Control Enforcement by the Legislature's 1987 revision to the Liquor Code denies due process to those accused of violations of the Code; 3) whether the issuance of the citation in this matter was an *ultra vires* act; and 4) whether the determination of the trial court was based on substantial evidence.[2]

The facts of this case are virtually identical to the facts of *Purple Orchid, Inc. v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, 572 Pa. 171, 813 A.2d 801 (2002) (*Purple Orchid I*), the parties are the same, and two of the issues, though couched in somewhat different terms, are also the same. In *Purple Orchid I*, our Supreme Court found that the Purple Orchid had allowed lewd, immoral, or improper entertainment when its dancers remained behind the bar and danced with their breasts exposed.[3] The Purple Orchid now seeks to persuade us that it has not permitted lewd, immoral or improper entertainment when it has allowed

---

**2.** Our standard of review is limited to determining whether the decision of the trial court is based on substantial evidence and whether the trial court abused its discretion or committed an error of law. *Commonwealth of Pennsylvania, Liquor Control Board v. Backer,* 113 Pa.Cmwlth. 373, 537 A.2d 100 (Pa. Cmwlth.1988).

**3.** The dancers in *Purple Orchid I* wore clear liquid latex on their breasts. The administrative law judge who heard the case found that there was no practical difference between wearing clear latex and exposing the bare breast; our Supreme Court affirmed.

its dancers to dance behind the bar with their breasts exposed and then allowed its dancers to circulate among the patrons squeezing their breasts around hands that offered tips, exposing their pubic areas to patrons, and gyrating in the laps of patrons in emulation of sexual intercourse. We are tempted to simply affirm the trial court on the basis of our Supreme Court's earlier decision, but since there are minor differences between the cases, we will address the arguments with a patience buoyed by the hope that we can, at least for the operators of the Purple Orchid, dispose of any remaining misconceptions about the relationship between female dancers in bars and lewd, immoral or improper entertainment within the Commonwealth.

■ The Purple Orchid first argues that the issuance of a citation for the conduct observed on its premises violated the freedom of expression guaranteed by Article 1, Section 7 of the Pennsylvania Constitution in that nude dancing is a protected form of expression. The Purple Orchid raised this question in *Purple Orchid I,* but our Supreme Court would not address it because, "[A]ppellant does not develop this claim at all in the body of its brief much less does it allege that the Pennsylvania provision provides different or greater protection than the First Amendment in this instance." 572 Pa. at 176, 813 A.2d at 804. In this instance the Purple Orchid bases its argument that the conduct observed on its premises is protected expression under the Pennsylvania Constitution on our Supreme Court's decision in *Pap's A.M. v. City of Erie (Pap's II),* 571 Pa. 375, 812 A.2d 591 (2002), in which the Court found that nude dancing "offered in a closed establishment to consulting adult patrons," 571 Pa. at

410, 812 A.2d at 612, was a form of expression protected by the Article 1, Section 7 of ‹the Pennsylvania Constitution. The Purple Orchid, however, knows or should know that the facts of its case here and those in *Pap's II* are fundamentally and fatally different. The premises at the Purple Orchid were, like those in *Pap's II,* a "closed establishment" that catered to "consulting adult patrons." However, unlike the premises in *Pap's II,* the Purple Orchid was licensed to sell alcohol while Pap's was a so-called "bottle club" where patrons brought their own alcohol, and here is where the analogy fails.

■ A license to sell alcohol is a privilege granted by the Commonwealth under conditions imposed by the issuing authority. The issuing authority in this case is the Liquor Control Board (LCB), and the LCB issues licenses to dispense alcohol on the condition that the holder of the license will not permit lewd, immoral or improper entertainment. Our courts have determined that the LCB has the authority to impose this condition and that topless dancing performed in licensed establishments can be lewd, immoral or improper entertainment per se, *Purple Orchid I.* Topless dancing, by itself, is a form of expression protected by the First Amendment to the United States Constitution. *Pap's II.* The prohibition on topless dancing in licensed establishments infringes on the right of expression guaranteed by the First Amendment to U.S. constitution and by Article 1, Section 7 of the Pennsylvania Constitution. This limitation on expression does not violate the First Amendment to the U.S. Constitution, *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972),[4] *44 Liquormart v. Rhode Is-*

---

4. *LaRue* was overruled, in part, by the decision in *44 Liquormart* for the court's reliance on the Twenty–First Amendment. However, in the *44 Liquormart* decision the Court stated that the analysis in *LaRue* "would have led to precisely the same result if it had placed no reliance on the Twenty–First Amendment." 517 U.S. at 515, 116 S.Ct. 1495.

*land,* 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996), *Purple Orchid I,* and the Purple Orchid offers nothing more than its faulty analogy to *Pap's II* for its proposition that Article 1, Section 7 protects this expression in licensed establishments while the First Amendment does not. Based on the reasoning in the cases cited just above we find that the Commonwealth's prohibition of the behavior described here in establishments that serve alcohol does not violate the freedom of expression guaranteed by Article 1, Section 7 of the Pennsylvania Constitution. The Purple Orchid's arguments to the contrary are without merit.

 The Purple Orchid next argues that the creation of the Bureau of Liquor Control Enforcement by the Legislature's 1987 revision to the Liquor Code acts to deny due process to those accused of violations of the Code and that the term "lewd, immoral or improper" is void for vagueness. The Purple Orchid made this same argument in *Purple Orchid I* where it merely said that the term was vague because it was "incapable of being discerned in advance." *Id.,* 721 A.2d at 85. The argument it advances this time is that the term is vague because officers of the Pennsylvania State Police have replaced LCB employees in enforcing the Liquor Code and that the State Police are somehow incapable of identifying lewd, immoral or improper behavior as that term is used Section 493(10). "Although at first blush a law may appear vague on its face and those subject to it without fair notice, however, it may withstand a constitutional challenge if it has been narrowed by judicial interpretation, custom and usage."

*Id.,* 721 A.2d at 86 (citation omitted). The term in this case has not been simply narrowed by judicial interpretation it has been interpreted by the judiciary specifically for the Purple Orchid. The fact that the State Police and not employees of the LCB issued a citation for this behavior does not change the fact that in light of our Supreme Court's decision in *Purple Orchid I* the operators of Purple Orchid acted in the full knowledge that the behavior that they allowed on their premises and which the officers observed was lewd, immoral or improper behavior as a matter of law.

 The Purple Orchid next complains that the act of issuing the citation was unlawful[5] because the 1987 creation of the LCE assigned enforcement functions to the State Police. According to the Purple Orchid the use of the State Police to enforce the Liquor Code is unlawful because lewd, immoral or improper behavior is not defined in the Code and that the citation may have been issued based on the officer's interpretation of the behavior as compared to behavior described in cases decided prior to 1987 or "solely on the officer's own personal opinion or bias." (Appellant's brief, p. 15.) The assertion that the State Police would be unable to properly identify what the Code describes as lewd, immoral or improper behavior because the term is not statutorily defined is no more than a thinly veiled due process argument. We reject it out of hand because we have already dismissed the exact challenge above and because the Purple Orchid offers neither case law nor statute in support of this allegation. In a footnote the Purple Orchid suggests, "Also, given the delays in

---

**5.** We have substituted "unlawful" here for "*ultra vires.*" The Purple Orchid used the term *ultra vires* in its brief but it misapprehends the term. An *ultra vires* act is an act by a corporate officer that is "beyond the scope of power allowed or granted by a corporate charter or by law." Black's Law Dictionary, Seventh Edition (1999). The act complained of here was the act of a police officer *enforcing* a statute, not a corporate officer purporting to act pursuant to a corporate charter.

the process, the nature of this business, the undercover nature of the investigation and the lack of other contemporaneous corroboration, the citations can be crafted to conform with prior cases." (Appellant's brief, p. 15, fn. 2.) This footnote is nothing more than a specious attempt to discredit the sworn testimony of the officers involved by suggesting that they fabricated evidence in order to obtain a conviction. There is absolutely nothing in the record to support this allegation or to suggest that the conduct observed by the officers was anything more or less than the officers described it.

■ Finally, we will address the Purple Orchid's claim "[t]hat the facts presented by the police are insufficient to sustain a finding of violation." (Appellant's brief, p. 18.) Substantial competent evidence is that evidence a reasonable mind would accept as adequate to support a finding of fact. *York Terrace/Beverly Enterprises v. Workmen's Compensation Appeal Board (Lucas),* 140 Pa.Cmwlth.75, 591 A.2d 762 (1991). What weight to accord to evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of witnesses. *Commonwealth v. Small,* 559 Pa. 423, 435, 741 A.2d 666, 672 (1999), *cert. denied,* 531 U.S. 829, 121 S.Ct. 80, 148 L.Ed.2d 42 (2000). The Purple Orchid urges us to find that the evidence is insufficient by examining the words of the officers out of context and by making assumptions about the meaning of their words. We will not do this because our evaluation of the evidence is correctly based on the record as a whole, *American Contracting Enterprises, Inc., v. Workers' Compensation Appeal Board (Hurley),* 789 A.2d 391 (Pa.Cmwlth.2001), and our review of the record as a whole reveals sufficient competent evidence to support the conclusion of the trial court that the behavior about which the officers testified constituted a violation of Section 493(10) of the Liquor Code.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 17th day of July 2003, the order of the Court of Common Pleas of Philadelphia County in this matter is affirmed.